No. 66,172

STATE OF KANSAS, *Appellee*, v. VERYL D. CRAWFORD, *Appellant*.

(824 P.2d 951)

Opinion filed January 17, 1992.

*J. Patrick Lawless, Jr.*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Debra Byrd Wagner*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Veryl D. Crawford pled guilty to seven class B and C felonies. The sole issue raised by defendant in this direct appeal is whether or not the district court abused its discretion in imposing sentence herein.

The convictions herein arise from two cases which were consolidated by the district court. The pleas were entered on June 22, 1990. The cases, crimes, and sentences are as follows:

District Court Case No. 90 CR 852

Count I — aggravated robbery (class B), 15 years to life.

Count II — attempted aggravated robbery (class C), 5 to 20 years.

District Court Case No. 90 CR 950

Count I — robbery (class C), 5 to 20 years.

Count II — aggravated burglary (class C), 5 to 20 years.

Count III — rape (class B), 15 years to life.

Count IV — aggravated robbery (class B), 15 years to life.

Count V — aggravated battery (class C), 5 to 20 years.

The sentences imposed in 90 CR 852 are consecutive to each other, but concurrent with the sentences imposed in 90 CR 950 and in 90 CR 378 (an earlier case not involved in this appeal). As to 90 CR 950, the sentences on counts 1, 2, 3, and 5 run concurrently with each other, but consecutively to that imposed on count 4. Further, all sentences imposed in 90 CR 950 are concurrent with those imposed in 90 CR 852 and 90 CR 378. The controlling term of the sentences imposed herein is 30 years to life. This is the same controlling term as imposed in the earlier case 90 CR 378 wherein defendant had been found guilty by jury trial of four felonies (unspecified in the record herein) and sentenced to a controlling term of 30 years to life. Inasmuch as the sentences imposed in the appeal before us are to be served concurrently with those in 90 CR 378, the controlling term remains at 30 years to life. Case No. 90 CR 378 is on appeal as appellate case No. 66,171 but has not been argued or decided.

The sentences imposed herein are within the statutory range provided for each offense. Defendant bases his claim of abuse of district court discretion upon the district court's failure to apply K.S.A. 21-4601 and 21-4606(2).

K.S.A. 21-4601 expresses the legislative policy on sentencing as follows:

"This article shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law."

K.S.A. 21-4606 provides:

"(1) In sentencing a person to prison, the court, having regard to the nature and circumstances of the crime and the history, character and condition of the defendant, shall fix the lowest minimum term which, in the opinion of said court, is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime.

"(2) The following factors, while not controlling, shall be considered by the court in fixing the minimum term of imprisonment:

(a) The defendant's history of prior criminal activity;

(b) The extent of the harm caused by the defendant's criminal conduct;

(c) Whether the defendant intended that his criminal conduct would cause or threaten serious harm;

(d) The degree of the defendant's provocation;

(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained."

Each of the seven sentences herein was the maximum provided for the particular offense under K.S.A. 21-4501(b) and (c), although the actual effect thereof was blunted by running them, in several instances, concurrently with each other and with the sentences imposed in the other cases. Ordinarily, the district court would be required to apply both statutes in imposing sentence as contended by the defendant herein. The district court must consider the sentencing factors set forth in K.S.A. 21-4606(2) when exercising its discretion in sentencing a defendant in excess of the minimum term for the offense.

The appeal herein arises from a set of facts which make it an exception to the rules applicable to sentencing. On June 22, 1990, the defendant came before the district court and entered his plea of guilty to the seven felonies. The pleas of guilty were part of a plea bargain which included sentence recommendations. Defendant stated in open court: "I just want to plead guilty to take advantage of the deal."

Immediately thereafter, preparation of a presentence investigation report was waived. Both the State and defense counsel urged the court to impose the sentences proposed in the plea bargain. Each stated a lot of thought had gone into the plea bargain. We know little of the details of the crimes except for the State's comment that unnecessary harm was inflicted here on elderly victims. Proceeding without a presentence investigation report which would have provided details of the crimes might well have been part of the defense counsel's strategy to gain acceptance by the district court of the proposed sentences. The sentencing herein occurred in the same hearing in which the guilty pleas were accepted. The district court stated it was going to follow the sentence recommendations of the attorneys and imposed those exact sentences.

The defendant received the sentences he bargained for or, in his words, he took advantage of the deal—a deal which included the sentences he received. He is before us on appeal seeking to undo the onerous part of his deal. There is no claim he did not understand what his deal was or the effects thereof. Rather, he claims error in that the court did not apply the statutory factors in imposing the sentences.

In *State v. Higgins*, 243 Kan. 48, 51, 755 P.2d 12 (1988), we stated: "It is a general rule that a litigant may not invite error and then complain of that error on appeal." However, we believe that under the circumstances herein, there was no error. We conclude that where (1) a plea bargain is knowingly and voluntarily entered into which contains specific sentence recommendations; (2) the defendant urges the district court to impose the recommended sentences; and (3) the district court then imposes the recommended sentences, the defendant shall be deemed to have waived any consideration or application by the district court of the sentencing factors set forth in K.S.A. 21-4601 and 21-4606.

The defendant herein did not want the district court to use its discretion and apply the sentencing factors to determine the appropriate sentences. Rather, he sought only acceptance of the sentences for which he had bargained. Having been successful in this endeavor, he cannot now claim abuse of discretion in the district court's failure to apply the statutory factors in imposing sentence.

The judgment is affirmed.

ABBOTT, J., concurring and dissenting: I concur in the result reached, but dissent from the syllabus and corresponding part of the opinion.

The legislature intended individualized treatment of an offender. Even a cursory reading of K.S.A. 21-4601 and K.S.A. 21-4606 reveals that sentencing involves more than considering the needs of the defendant. Of great concern to the legislature was the welfare and the protection of the general public. K.S.A. 21-4601 admonishes the trial court "that dangerous offenders shall be correctively treated in custody for long terms as needed." K.S.A. 21-4606 lists seven factors the court is to consider in fixing

the minimum term of imprisonment, none of which appears to be helpful to the defendant.

Here, the trial judge, in sentencing the defendant, knew that three days earlier the defendant had pled guilty to aggravated burglary, aggravated battery, and two counts of aggravated robbery. The trial judge also knew that in the earlier case, a presentence report had been prepared and the trial judge had given a minimum controlling sentence of 30 years.

The defendant pled guilty in this case to seven additional felonies, committed on two dates different from the date the defendant committed the prior felonies for which he received the minimum controlling sentence of 30 years. All seven felonies involved great personal risk to the victim (rape, aggravated burglary, aggravated robbery [two counts on different dates], and aggravated battery).

In my opinion, the trial judge in this case did not fail to carry out his sentencing duties. The trial judge's information was sufficient to support the minimum controlling sentence imposed. I would affirm on the premise that if a record indicates a defendant committed a total of 11 felonies of the nature committed in this case on 3 different days, the record itself provides the basis for finding the trial judge did not abuse his discretion in setting a controlling minimum sentence of 30 years.

The critical issue in this case is whether the trial court abused its discretion by not including a discussion of the statutory factors in the record.

The public's interest in sentencing is such that I would not allow a trial judge to nullify the mandates of K.S.A. 21-4601 and 21-4606 as a result of any wishes and actions taken by the defendant or by counsel. The trial judge is not bound by any plea agreement between the prosecutor and the State. The trial judge has a duty, independent of any agreement the accused makes, to impose an appropriate sentence. I cannot agree to the principles expressed in the syllabus to this opinion because the trial court would not be protecting the public interest and welfare if the court does not make an independent determination of the minimum controlling sentence after considering the offender's and public's interest as expressed in K.S.A. 21-4601 and 21-4606. A

defendant should not be allowed to waive the trial judge's duties in setting a minimum sentence.