No. 65,974

STATE OF KANSAS, *Appellee*, v. PHILLIP TURNER, *Appellant*.

(833 P.2d 921)

Opinion filed May 22, 1992.

*Rebecca E. Woodman*, assistant appellate defender, argued the cause, and *Sarah E. McKinnon*, legal intern, of Washburn Legal Clinic, and *Jessica R. Kunen*, chief appellate defender, were with her on the brief for appellant.

*Martin L. Miller*, assistant district attorney, argued the cause, and *Gerald E. Wells*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a first-impression community corrections sentencing case. We are called upon to construe K.S.A. 1991 Supp. 21-4606b, the statute which establishes the presumptive sentence of assignment to community corrections for class D and E felons. What showing must be made by the trial court in the sentencing record to comply with K.S.A. 1991 Supp. 21-4606b?

Our jurisdiction arises from the granting of Turner's petition for review of the Court of Appeals opinion. *State v. Turner*, 16 Kan. App. 2d 221, 820 P.2d 1251 (1991).

The Court of Appeals held that the trial court, in denying Turner's request for assignment to community corrections, considered both the necessary statutory factors and the required

presumptions and, therefore, did not abuse its discretion. *Turner,* 16 Kan. App. 2d at 228.

We granted review to consider the sentencing requirements imposed on the trial court by K.S.A. 1991 Supp. 21-4606b. Turner asserts that the trial court failed to consider the K.S.A. 1991 Supp. 21-4606b statutory presumptive sentence of assignment to community corrections for class D and E felons. (The statute in question at Turner's sentencing was an earlier version of K.S.A. 1991 Supp. 21-4606b. The difference is not significant.)

We reverse the judgment of the Court of Appeals affirming the district court. The sentence is vacated, and the case is remanded for resentencing.

### Facts

In August 1989, Turner confronted a fellow boarding house resident with a large utility knife. The boarder had requested Turner to "quiet down." Turner verbally threatened the boarder and then lunged at him. The boarder, who was afraid of being stabbed, retreated from the doorway and called the police.

Turner was charged with and convicted of aggravated assault. He was sentenced to 2 to 10 years' imprisonment. His request for probation was denied. Turner filed a motion to modify his sentence and requested assignment to community corrections. The motion and the request were denied.

### Community Corrections

Two related statutory sentencing presumptions apply to persons convicted of D and E felonies. The first is K.S.A. 1991 Supp. 21-4606a, which relates to probation. It provides:

"The presumptive sentence for a person who has never before been convicted of a felony, but has now been convicted of a class D or E felony or convicted of an attempt to commit a class D felony shall be probation, unless the conviction is of a crime or of an attempt to commit a crime specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated or in the uniform controlled substances act or the person convicted is a juvenile offender in the custody of the department of social and rehabilitation services. In determining whether to impose the presumptive sentence, the court shall consider any prior record of the person's having been convicted or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult. *If the presumptive sentence provided by this section is not imposed, the provisions of K.S.A. [1991] Supp. 21-4606b shall apply.*" (Emphasis added.)

K.S.A. 1991 Supp. 21-4606b, which relates to community corrections, provides:

"(1) If probation is not granted pursuant to K.S.A. 21-4606a, and amendments thereto, the presumptive sentence for a person convicted of a class D or E felony shall be assignment to a community correctional services program on terms the court determines.

"(2) In determining whether to impose the presumptive sentence provided by this section, the court shall consider whether any of the following aggravating circumstances existed:

(a) Whether the crime is a felony violation of the uniform controlled substances act or an attempt to commit such an offense;

(b) whether the crime is a crime specified in article 34, 35 or 36 of chapter 21 of the Kansas Statutes Annotated or an attempt to commit such an offense; or

(c) any prior record of the person's having been convicted of a felony or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult."

Obvious similarities and differences between the two statutes are noted. Presumptive probation does not apply if the defendant has been convicted of a prior felony, but it is an aggravating circumstance (K.S.A. 1991 Supp. 21-4606b[c]) in determining whether assignment to community corrections is warranted. If the offense for which the defendant is being sentenced is a crime or an attempt to commit a crime under article 34 (crimes against persons), 35 (sex offenses), or 36 (crimes affecting family relationships), presumptive probation does not apply but again it is an aggravating circumstance under K.S.A. 1991 Supp. 21-4606b(b). The same aggravating circumstance characterization applies to violations of the Uniform Controlled Substances Act, K.S.A. 1991 Supp. 21-4606b(a). Most importantly, from the last sentence in K.S.A. 1991 Supp. 21-4606a and the differences between K.S.A. 1991 Supp. 21-4606a and K.S.A. 1991 Supp. 21-4606b, it is clear that the presumption of assignment to community corrections does not depend on the presumption of probation. If the presumption of probation is denied or does not apply, the trial court must still consider the presumption of assignment to community corrections.

When a defendant is being sentenced and no statutory presumptions apply, we have been neither absolute nor exacting in reviewing the trial court's application of K.S.A. 21-4601 and

K.S.A. 21-4606. In *State v. Harrold*, 239 Kan. 645, 650, 722 P.2d 563 (1986), we said, "A trial court's failure to make a detailed statement of the factors considered by the court in imposing sentence does not necessarily, in and of itself, demonstrate an abuse of discretion; each case must be separately considered on its facts."

We have not considered what a trial court must do to comply with K.S.A. 1991 Supp. 21-4606b. We have, however, on several occasions discussed K.S.A. 1991 Supp. 21-4606a. Because both statutes concern sentencing presumptions, the 21-4606a cases supply guidance for our 21-4606b analysis.

In *State v. VanReed*, 245 Kan. 213, 777 P.2d 794 (1989), the defendant was a first-time felon who pled guilty to felony theft. The trial court sentenced VanReed to prison, primarily on the basis of VanReed's failure to attend a scheduled sentencing hearing. We noted that there were several strong factors in favor of granting probation, factors the trial court did not consider.

"A majority of this court is of the opinion that the sentencing court abused its discretion in failing to fully consider the directions of K.S.A. 21-4601 and 21-4606. Under the circumstances of this case, the sentencing court placed undue emphasis on VanReed's failure to appear on the date originally set for sentencing. VanReed informed the court that his defense attorney had incorrectly advised him of the date he was to appear for sentencing. . . . He subsequently retained new counsel and appeared in person for sentencing on May 3, 1988." 245 Kan. at 219-20.

We observed in *VanReed* that a reconsideration of the sentence, after giving "full consideration" to the provisions of K.S.A. 21-4601 and 21-4606, may result in the same disposition; however, it was our opinion that VanReed was entitled to "full consideration of all the circumstances and factors relative to his motion for probation *as contemplated by the statutes*." (Emphasis added.) 245 Kan. at 220.

In *State v. Tittes*, 245 Kan. 708, 784 P.2d 359 (1989), the defendant pled no contest to one count of felony theft for stealing a pickup (a class E felony). The district court denied Tittes' motion for probation under K.S.A. 21-4606a and sentenced him to one to two years' imprisonment.

Tittes' presentence investigation (PSI) report showed that he suffered from periodic delusions that he was Jesus Christ. He

was diagnosed as having bipolar disorder, which was controlled when he took his medication. The PSI report also showed a 1982 juvenile diversion for possession of stolen property. While Tittes was free on bond for the crime currently in question, he was charged with theft of services, criminal damage to property, and criminal trespass. The PSI report concluded that probation should be denied. The trial court denied probation. The only reason given was that the court services officer had recommended that Tittes be incarcerated. 245 Kan. at 709-10.

The State in *Tittes* argued that since the PSI report made reference to some of the factors in 21-4606, reference to the PSI report should be sufficient. We reasoned that the PSI report failed to address the presumption of probation. We concluded:

"If the court had, in fact, exercised its discretion, the record does not indicate adequate consideration of the statutory presumption of probation in K.S.A. 21-4606a. The mere reference by the district court to the PSI and adopting its recommendation is not sufficient to overcome the legislative presumption under K.S.A. 21-4606a. *It was incumbent upon the district court to fully consider all the circumstances and factors contemplated by K.S.A. 21-4601 and K.S.A. 21-4606 and, upon denying probation, to indicate in the record those factors the court considered in overcoming the presumption of probation in K.S.A. 21-4606a.*" (Emphasis added.) 245 Kan. at 715.

*Tittes* and *VanReed* stand for the proposition that when there is presumptive probation, the trial court must fully consider 21-4601 and 21-4606 and make an express record, *first* showing that it was conscious of the presumption and *second,* stating its findings as to why the presumption was overcome. *VanReed* and *Tittes* do not require a trial court to list the K.S.A. 21-4606 factors (2)(a) through (g), although such a recitation is preferred; however, the trial court cannot ignore relevant factors. The record must show that the trial court did consider the presumption of probation.

In *State v. Linsin,* 10 Kan. App. 2d 681, 709 P.2d 988 (1985), the Court of Appeals held that under 21-4606a it was error for the trial court to deny probation solely on the basis of the nature of the offense, without considering any other factors.

Two Court of Appeals cases have considered the presumption of assignment to community corrections. See *State v. Atwell,* 14 Kan. App. 2d 752, 798 P.2d 517 (1990) (The trial court did not

mention or consider presumptive assignment to a community correctional services program. The case was remanded for such consideration.); *State v. Ray*, 15 Kan. App. 2d 1, 800 P.2d 148 (1990) (The trial court's denial of both presumptive probation and assignment to community corrections was affirmed. The trial court evaluated, weighed, and based its decision on the criteria of 21-4601 and 21-4606, as well as 21-4606a and 21-4606b.).

We hold that in denying a presumptive sentence of assignment to community corrections, the trial court must consider the K.S.A. 21-4606 sentencing factors, the need for individualized treatment under K.S.A. 21-4601, and the various aggravating circumstances included in K.S.A. 1991 Supp. 21-4606b. The trial court need not address each factor expressly and need not necessarily quote the statutes, but the sentencing record must show that the trial court was aware of the presumptive status of community corrections and that it did consider (a) the sentencing factors, (b) individual treatment, and (c) the aggravating circumstances.

Turner was convicted of aggravated assault with a knife following a dispute in a boarding house. In sentencing, the trial court first said, "I understand when that when I sentence him, it is going to be on the basis of this offense, but I want to know everything about him or as much as I can know about him to get the proper sentence, bad or good." The experienced trial court met the K.S.A. 21-4601 requirements by individualized treatment. The trial court considered Turner's age, his family status, his lack of work for five years, and his failure to support his child. The trial court said:

"You are just a kind of a nuisance in the community; and from the aspects of this crime, you are getting to be a dangerous nuisance in the community. I don't know what it is going to take to get you—pull yourself up by your bootstraps and be a good citizen of this community. You certainly haven't showed it. Your record from '86 down to now has been one scrape after another that has involved alcohol. You are an alcoholic. There isn't any question about that. You can't stay away from it and could not stay away from it when I ordered you to, and that is why you are dressed in green here today. So it's going to be the sentence of the Court, Mr. Turner, that you be committed to the custody of the Secretary of Corrections for confinement for not less than two, nor more than ten years . . . ."

Even though the trial court gave Turner more than the minimum sentence, this sentencing record is sufficient to meet the requirements of K.S.A. 21-4601, K.S.A. 21-4606, and K.S.A. 1991 Supp. 21-4606a. Implicit in the findings is that probation would be a danger to the community and to Turner.

The trial court, however, made no mention of the possibility of assignment to community corrections.

The Court of Appeals stated in reviewing the community corrections issue in Turner's appeal:

"We hold that when considering whether the presumptive sentence of assignment to community corrections is overcome, the trial court must consider the 'aggravating circumstances' mentioned in K.S.A. 1989 Supp. 21-4606b(2)(a), (b), and (c) and must also consider the requirements of individualized treatment mandated by K.S.A. 21-4601 as well as the criteria and factors of K.S.A. 21-4606.

"We hold that the trial court made the required considerations in this instance. The trial court had the benefit of a presentence investigation report, knew Turner had no prior felony convictions, and knew that the crime involved was specifically mentioned by 21-4606b(2)(b). Although 21-4601 and 21-4606 were not specifically cited, the trial court sentenced Turner in accordance with his individual characteristics, circumstances, needs, and potentialities. . . .

"The trial court had before it all the information necessary to apply the factors of K.S.A. 21-4606 that were applicable to Turner's situation. The PSI report set forth in Turner's history of prior criminal activity." 16 Kan. App. 2d at 226-27.

Although the Court of Appeals properly held that the trial court must address the aggravating circumstances in 21-4606b when determining whether the presumptive sentence of assignment to community corrections is overcome, the trial court did not do so. The only aggravating circumstance which applied is that the crime was an article 34 crime. K.S.A. 1991 Supp. 21-4606b(2)(b). Unlike K.S.A. 1991 Supp. 21-4606a, in which an article 34 crime would preclude application of presumptive probation, an article 34 crime under 21-4606b is just one of three aggravating circumstances to consider rather than an absolute bar to imposing the presumptive sentence of assignment to community corrections.

Judgment of the Court of Appeals affirming the district court is reversed. The sentence imposed by the district court is vacated, and the case is remanded for resentencing.