No. 68,172

STATE OF KANSAS, *Appellee*, v. STUART FISH, *Appellant.*

(850 P.2d 250)

Opinion
filed April 16, 1993.

*Reid T. Nelson,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Kevin J. O'Connor,* assistant district attorney, argued the cause, and *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a plea agreement sentencing case. Stuart Fish, the defendant, received the sentence he bargained for. The single issue is whether the trial court erred in denying a motion for sentence modification.

Our jurisdiction is under K.S.A. 1992 Supp. 22-3601(b)(1) (defendant convicted of a class A felony or received a maximum sentence of life imprisonment).

The standard of review for trial court sentencing is abuse of discretion. A sentence imposed within the statutory guidelines will not be disturbed on appeal if it is within the trial court's discretion and not a result of partiality, prejudice, oppression, or

corrupt motive. *State v. McDonald*, 250 Kan. 73, 82, 824 P.2d 941 (1992).

We find no error and affirm.

## Facts

Fish and another man ordered a pizza to be delivered to an empty house. They enticed the delivery man into the house, forced him into a back room, and stabbed him in the chest (the other man allegedly did the stabbing). Afterwards, Fish took the victim to the basement, told him that he would be killed if he failed to cooperate, tied him up, forcefully took his money, and left him in the basement.

Fish entered into a plea agreement with the State. The trial court ordered a presentence investigation (PSI) report. The State, in return for Fish's guilty plea, agreed to recommend a controlling sentence of life. The State's specific sentencing recommendations were contained in a letter to Fish.

Fish appeared before the trial court for sentencing. The court read into the record the State's recommendations. At sentencing, Fish's counsel urged the court to sentence according to the plea bargain and to request a new Kansas State Reception and Diagnostic Center (now referenced as Topeka Correctional Facility) (SRDC) evaluation. The trial court accommodated both requests.

The recommendation of the PSI report was that Fish be placed within the penal system to serve the appropriate sentence. He was viewed as a potential danger to others and was not, at that time, motivated for substance abuse treatment.

The SRDC report recommended that Fish should receive mental health counseling and that he serve the appropriate sentence. Fish emphasizes other conclusions from the report *i.e.*, a chronic substance abuse problem, a barely controllable temper, learning disabilities, no high school training, poor employment potential, and borderline retardation. The report did not contain a recommendation for sentence modification. Fish filed a motion for reduction of sentence, which was denied.

## Sentence Modification

Did the trial court abuse its discretion in denying Fish's motion? We think not.

Fish asserts that although his counsel urged the court to follow the sentencing recommendations in the plea agreement, which the court did, Fish did not waive his right to challenge the trial court's refusal to modify the sentence. He concedes that *State v. Crawford,* 250 Kan. 174, 177, 824 P.2d 951 (1992), controls any claim of abuse of discretion he might have in the original sentence imposed. In *Crawford,* we held that when a defendant enters into a plea agreement and urges the trial court to impose recommended sentences and the trial court does so, the defendant is deemed to have waived any consideration or application of the sentencing factors of K.S.A. 21-4601 and K.S.A. 21-4606. However, Fish argues that *Crawford* should not apply to his motion to modify because the trial court received new information in the SRDC evaluation. According to Fish, the trial court abused its discretion in failing to modify the sentence to the minimum.

The State asserts Fish's argument represents a thinly veiled attempt to avoid *Crawford.* The State emphasizes that the sentences imposed were the ones Fish requested in a voluntary plea agreement. The court specifically asked Fish if he understood the agreement he had signed. Fish answered affirmatively. According to the State, Fish was well aware of the sentences being recommended. At no time, did Fish object to any of the recommended sentences.

The State advocates the concept of fairness by observing that it is bound by the plea agreement on a motion to modify absent an indication that the agreement applies only at sentencing. *State v. Wills,* 244 Kan. 62, 69-70, 765 P.2d 1114 (1988). Accordingly, Fish should also be so bound because any other view would undermine the rationale of *Crawford.* We do not agree with the State's analysis of *Wills. Wills* involved an ambiguous plea agreement. We strictly construed the agreement in favor of Wills. We held that the State's promise to Wills, to make favorable sentence recommendations, bound the State on the later motion to modify. 244 Kan. at 69-70.

Fish's SRDC report did not make a recommendation for modification. Fish has failed to demonstrate abuse of discretion. The State details facts which argue against sentence modification, including Fish's failure to accept responsibility for his actions which shows his lack of remorse. The SRDC report indicates that Fish

is barely able to control his temper and has patterned his behavior after an extremely violent alcoholic, heroin-addicted stepfather. During his time in prison, Fish has aligned himself with angry, violent, substance-abusing males. The report concludes that Fish should serve an appropriate sentence based on his prior criminal history, the seriousness of the offense, and programmatic needs.

K.S.A. 1992 Supp. 21-4603(4) requires the trial court to modify a sentence upon the recommendation of the SRDC unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification. Factual situations may arise in plea-bargained cases where a defendant has received the sentence bargained for and the SRDC report recommends modification of sentence or contains significant new information not previously before the trial court. In such situations, K.S.A. 1992 Supp. 21-4603(4) shall apply.

Affirmed.