(861 P.2d 135)

No. 68,375

STATE OF KANSAS, *Appellee*, v. JOHN VARGAS, *Appellant*.

Petition for review denied 254 Kan. ____ (December 23, 1993).

Opinion filed October 29, 1993.

*Wendy L. Rhyne Slayton*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Charles R. Reimer*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before LEWIS, P.J., GREEN, J., and DAVID L. THOMPSON, District Judge, assigned.

LEWIS, J.: The defendant appeals from the sentence imposed by the trial court. Specifically, the defendant contends the trial court erred in failing to consider the presumption of assignment to community corrections provided by K.S.A. 1992 Supp. 21-4606b. We affirm.

The defendant was charged with aggravated escape from custody, a class E felony. He entered into plea negotiations with the State and, ultimately, entered into an agreement with the State. The agreement was captioned "Defendant's Acknowledgment of Rights and Entry of Plea." This agreement was signed by the defendant and was certified by his attorney and the assistant district attorney, who affixed their signatures to a certification.

The parties agreed that the defendant would enter a plea of guilty to the charge and, in consideration of that plea of guilty, the State promised to recommend that a minimum sentence be imposed of one to two years. The plea agreement went on to recite at some length that all of the defendant's rights were understood and protected.

The agreement was presented to the trial court as the basis on which the defendant was entering his guilty plea. It was also the basis on which both parties requested the trial court to impose the minimum sentence of one to two years. The trial court accepted the defendant's plea under the agreement, found the defendant guilty, and inquired:

"As to presentence investigation, what's your client's desire?

"MR. JONES [The defendant's counsel]: Mr. Vargas would like to waive presentence investigation. He's currently been sentenced on two other cases. We would like to resolve this matter, get it taken care of."

The State did not object to the waiver of the presentence investigation. The trial court then proceeded to impose on the defendant the minimum sentence of one to two years, which the parties had agreed upon.

In this action, the defendant was convicted of a class E felony for which the presumptive sentence was assignment to community corrections. The record shows that the trial court did not consider the presumptive sentence of assignment to community corrections. That sentence was not mentioned nor was it discussed. There is no indication in this record that the trial court was aware that the presumptive sentence in this case was assignment to community corrections.

Under these circumstances, the defendant relies on *State v. Turner*, 251 Kan. 43, 833 P.2d 921 (1992), to the effect that the trial court erred in refusing to consider community corrections and that his sentence should be reversed and the cause remanded. The Supreme Court in *Turner* held:

"We hold that in denying a presumptive sentence of assignment to community corrections, the trial court must consider the K.S.A. 21-4606 sentencing factors, the need for individualized treatment under K.S.A. 21-4601, and the various aggravating circumstances included in K.S.A. 1991 Supp. 21-4606b. The trial court need not address each factor expressly and need not necessarily quote the statutes, but the sentencing record must show

that the trial court was aware of the presumptive status of community corrections and that it did consider (a) the sentencing factors, (b) individual treatment, and (c) the aggravating circumstances." 251 Kan. at 48.

On the authority of *State v. Turner*, this court has reversed and remanded numerous times where the sentencing record failed to show that the trial court had considered or was aware of the presumptive sentence of assignment to community corrections.

The State counters the defendant's argument by stating that the defendant waived any consideration of the presumptive sentence under the reasoning of *State v. Crawford*, 250 Kan. 174, 824 P.2d 951 (1992). In *Crawford*, our Supreme Court held:

"[W]here (1) a plea bargain is knowingly and voluntarily entered into which contains specific sentence recommendations; (2) the defendant urges the district court to impose the recommended sentences; and (3) the district court then imposes the recommended sentences, the defendant shall be deemed to have waived any consideration or application by the district court of the sentencing factors set forth in K.S.A. 21-4601 and 21-4606.

"The defendant herein did not want the district court to use its discretion and apply the sentencing factors to determine the appropriate sentences. Rather, he sought only acceptance of the sentences for which he had bargained." 250 Kan. at 177.

It appears to us that *Turner* and *Crawford* have collided at this juncture. We must decide which analysis controls. Our conclusion is that, under the rationale of *Crawford*, the defendant waived any consideration of the presumptive sentence of assignment to community corrections and that *Turner* does not apply under these circumstances.

The defendant in this case entered into an agreement with the State whereby he agreed to plead guilty in exchange for a recommendation of the minimum sentence. By this agreement, both the defendant and the State requested the court to impose a sentence of not less than one nor more than two years. The sentence bargained for was not the presumptive sentence of assignment to community corrections. It is an affront to logic to suggest that a defendant may bargain for a certain sentence, have that sentence imposed, and then complain because the trial court imposed the sentence bargained for instead of another sentence not mentioned. Under these facts, this defendant, as with the defendant in *Crawford*, did not want the court to use its discretion and determine whether to apply the presumptive sentence

or to impose a sentence greater than the minimum sentence. This defendant sought only acceptance of the sentence for which he bargained. To permit the defendant to now claim error places the trial court in the position of having committed reversible error by imposing a legal sentence requested by both parties. We decline to follow such an illegal path.

Consider for a moment the game playing that could be taking place. A defendant with a prior criminal record would be anxious to obscure that record from the trial court. One way to do this would be to enter into a plea agreement and waive the pre-sentence investigation. This procedure would effectively prevent the trial court from examining the defendant's prior criminal history. Under these circumstances, the trial court would not be asked to exercise discretion in sentencing and would not be provided with the necessary information to do so. That procedure, in this case, left the trial court with only the parties' agreement to consider in determining the sentence. The defendant now comes before this court and complains that the trial court erred in imposing the agreed-upon sentence. The parties did not suggest or mention the presumptive sentence and deprived the trial court of information it needed to consider the presumptive sentence. It appears that the defendant may have manipulated the system to obtain the most lenient sentence he believed possible. It appears to us to be unconscionable to permit further manipulation of the system by permitting him to now claim error. We will not do so.

Further, this defendant did not bring his objection to the attention of the trial court. At the time of sentencing, he did not bring the community corrections presumption to the trial court's attention, nor did he object to the fact that it was not applied. "The defendant cannot raise points on appeal which were not presented to the trial court." *State v. Ji*, 251 Kan. 3, 17, 832 P.2d 1176 (1992).

We further note that this defendant, by asking the trial court to impose a sentence other than the presumptive sentence, led the trial court into error. "A litigant may not invite and lead a trial court into error and then complain of the trial court's action on appeal." *State v. Prouse*, 244 Kan. 292, 298-99, 767 P.2d 1308 (1989). If the trial court failed to consider the presumptive sen-

tence, it did so at the invitation of the defendant. Thus, the invited error doctrine prevents the defendant from now claiming that the trial court erred in imposing the sentence requested.

In *Crawford*, the Supreme Court permitted a defendant to waive consideration of sentencing factors made mandatory by statute. We see no discernible difference in holding a defendant may also waive consideration of a presumptive sentence provided by statute. We hold that when a defendant enters into a plea agreement and asks for and receives the bargained-for sentence, he or she has waived any consideration or application by the trial court of the presumptive sentence set forth in K.S.A. 1992 Supp. 21-4606b. In these circumstances, *State v. Crawford* controls, and *State v. Turner* is not applicable.

Affirmed.