No. 68,779

STATE OF KANSAS, *Appellee*, v. JAMES L. MOSES, *Appellant.*

(872 P.2d 265)

Opinion filed April 15, 1994.

*Julie A. Gorenc*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellant.

*Mark T. Schoenhofer*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by defendant, James L. Moses, wherein he contends the trial judge erred in sentencing him by failing to consider a presumptive sentence of assignment to a community correctional services program and by failing to correct the error on the motion to modify.

Defendant was charged with four counts of aggravated incest, class D felonies, (three counts in violation of K.S.A. 21-3603[2][b] and one count in violation of K.S.A. 21-3603[2][a]).

Defendant agreed to plead guilty to each of the offenses charged, and the State agreed to recommend a sentence of two to five years on each count. The sentences on Counts I and II were to be concurrent with each other and the sentences on Counts III and IV were to be concurrent with each other; however, the concurrent sentences on Counts III and IV were be consecutive to the concurrent sentences on Counts I and II. The controlling term recommended, therefore, was 4 to 10 years.

Following his guilty plea, defendant waived a presentence investigation and the court proceeded directly to sentencing. Defendant urged the court to impose the sentence recommended in the plea agreement. His counsel stated:

"He has a parole hold. I'll inform the Court of some of his options.

"Mr. Moses informs me that if he gets time here, however, they will not proceed with any kind of extradition to California and any dealing with the parole hold that he has at this very moment.

"He's requesting that you follow the plea agreement, that he be sentenced to the minimum time on Counts 1 and 2, to run concurrent with one another and that Counts 3 and 4 to run concurrent with one another, for a controlling term of 4 to 20 [sic] years."

The State also requested that the court follow the plea agreement. Defendant then engaged in the following exchange with the court:

"THE DEFENDANT: . . . [T]he reason that the California hold is there was suppose to be dropped, is I only had seven months to do out there left and they said if I got time here, rather than extradite me back for the seven months, to allow me to do the time here.

"THE COURT: Run them together?

"THE DEFENDANT: Yes. It will max out in the 4th day of August of this year and they said that they would run it as being locked up here, they would run it so I wouldn't have to do that seven months."

The sentencing judge imposed the sentences set forth in the plea agreement and ordered that the sentences be concurrent with the California sentence. He failed, however, to consider the statutory presumptive sentences of assignment to community corrections to which all class D and E felons are entitled under K.S.A. 1991 Supp. 21-4606b. He also failed to address the sentencing policies and factors set forth in K.S.A. 21-4601 and K.S.A. 21-4606.

Defendant subsequently filed a motion to modify, which the court denied without a hearing.

Defendant then appealed to the Court of Appeals, which affirmed the sentence. Defendant sought review by this court, noting a split in different panels of the Court of Appeals with respect to the issue presented. This court granted defendant's petition for review.

The presumptive sentence for a person convicted of a class D or E felony is probation or assignment to a community correctional services program. K.S.A. 1991 Supp. 21-4606a; K.S.A. 1991 Supp. 21-4606b. Defendant asserts that the court erred in not considering a presumptive sentence of assignment to a community correctional services program at the time of sentencing and in failing to correct that error when addressing his request for modification. Defendant does not argue that he was entitled to a presumptive sentence of probation pursuant to K.S.A. 1991 Supp. 21-4606a. Presumptive probation would not apply because of the crimes for which defendant was convicted (crimes specified in chapter 21, article 36 of Kansas Statutes Annotated).

The record clearly shows that the district court did not consider the presumptive sentence of assignment to community corrections or the aggravating circumstances justifying a departure from the presumptive sentence. Further, the court did not consider the sentencing policies and factors required by K.S.A. 21-4601 and K.S.A. 21-4606. There is, however, information in the record which would support a sentence of incarceration despite the presumptive sentence of assignment to community corrections. The four offenses for which defendant was convicted are defined under chapter 21, article 36. See K.S.A. 1991 Supp. 21-4606b(2)(b). Further, defendant had a prior offense in California for which there was a parole hold, indicating that he had previously been convicted of a felony. See K.S.A. 1991 Supp. 21-4606b(2)(c). The State Reception and Diagnostic Center (SRDC) report indicates defendant self-reported that the California offense was for indecent liberties with a child, which is a class C felony in Kansas. K.S.A. 1991 Supp. 21-3503.

The clear presence of aggravating factors without a discussion by the court on the record, however, is generally insufficient to

warrant departing from the presumptive sentence of assignment to community corrections. In *State v. Turner*, 251 Kan. 43, Syl., 833 P.2d 921 (1992), this court stated:

"In denying a presumptive sentence of assignment to community corrections, the trial court must consider the K.S.A. 21-4606 sentencing factors, the need for individualized treatment under K.S.A. 21-4601, and the various aggravating circumstances included in K.S.A. 1991 Supp. 21-4606b. The trial court need not address each factor expressly and need not necessarily quote the statutes, but *the sentencing record must show that the trial court was aware of the presumptive status of community corrections and that it did consider (a) the sentencing factors, (b) individual treatment, and (c) the aggravating circumstances.*" (Emphasis added.)

In *Turner*, the defendant requested assignment to community corrections, which the trial court denied. This court acknowledged that the sentencing record was sufficient to support denial of the presumptive sentence of probation under K.S.A. 1991 Supp. 21-4606a. *Turner*, 251 Kan. at 49. However, because the trial court made no mention of the presumptive sentence of assignment to community corrections, this court reversed the Court of Appeals' affirmation of the district court's sentence, vacated the sentence imposed, and remanded for resentencing. *Turner*, 251 Kan. at 49.

The State, however, contends that *State v. Crawford*, 250 Kan. 174, 824 P.2d 951 (1992), is controlling despite the *Turner* rule. In *Crawford*, the defendant pleaded guilty to seven class B and C felonies. He waived a presentence investigation and both the State and defense counsel urged the court to impose the sentences recommended in a plea agreement. The defendant himself stated, " 'I just want to plead guilty to take advantage of the deal.' " *Crawford*, 250 Kan. at 176. The court did impose the sentences both parties requested, amounting to a controlling term of 30 years to life. In sentencing Crawford, the trial court failed to make on the record the requisite discussion of the sentencing factors mandated by K.S.A. 21-4601 and K.S.A. 21-4606. This court held that the facts made the case an exception to the general rule requiring consideration of K.S.A. 21-4601 and K.S.A. 21-4606, stating:

"Where (1) a plea bargain is knowingly and voluntarily entered into which contains specific sentence recommendations; (2) the defendant urges the district

court to impose the recommended sentences; and (3) the district court then imposes the recommended sentences, the defendant shall be deemed to have waived any consideration or application by the district court of the sentencing factors set forth in K.S.A. 21-4601 and K.S.A. 21-4606." *Crawford*, 250 Kan. 174, Syl.

This court reasoned:

"The defendant received the sentences he bargained for or, in his words, he took advantage of the deal—a deal which included the sentences he received. He is before us on appeal seeking to undo the onerous part of his deal. There is no claim he did not understand what his deal was or the effects thereof. Rather, he claims error in that the court did not apply the statutory factors in imposing the sentences.

. . . .

"The defendant herein did not want the district court to use its discretion and apply the sentencing factors to determine the appropriate sentences. Rather, he sought only acceptance of the sentences for which he had bargained. Having been successful in this endeavor, he cannot now claim abuse of discretion in the district court's failure to apply the statutory factors in imposing sentence." *Crawford*, 250 Kan. at 177.

The concurring and dissenting opinion in *Crawford*, 250 Kan. at 178, noted that the trial court was not bound by a plea agreement and that the trial judge has a duty to protect the public interest and welfare and impose an appropriate sentence according to the factors mandated in K.S.A. 21-4601 and K.S.A. 21-4606 regardless of any agreement between the defendant and the State. The dissent declined to agree that a defendant could waive the trial judge's sentencing duty. However, the dissent concurred in the result because the record, which showed that the defendant had committed a total of 11 felonies of the same nature on three different days, itself provided the basis for finding no abuse of discretion in sentencing the defendant to a controlling minimum term of 30 years.

Defendant here asserts that he cannot waive the right to the presumptive sentence of assignment to community corrections. He contends that *Crawford* is distinguishable because no presumptive sentence was involved. Further, he notes the record does not show that he was aware of the presumptive sentence of assignment to community corrections.

The State, on the other hand, distinguishes *Turner* because a plea agreement was not involved there. Further, the defendant

in *Turner* had requested assignment to community corrections, whereas defendant here made no such request. The State also resists defendant's attempted distinction of *Crawford*. The State notes that defendant had a clear motive for requesting the trial court to impose the sentence recommended in the plea agreement: he wanted to avoid extradition to California. Therefore, the State contends, *Crawford* precludes defendant from now challenging the sentences he received after knowingly and voluntarily taking advantage of the "deal." Although *Crawford* did not involve a presumptive sentence of probation or assignment to community corrections, the State urges this court to extend *Crawford* to such a case.

The Court of Appeals affirmed defendant's sentence in an unpublished opinion filed September 3, 1993. The court held that defendant had received the sentence he knowingly and voluntarily requested and that, in taking advantage of the plea agreement to avoid extradition to California, defendant waived his right to consideration of the presumptive sentence of assignment to community corrections. The court thus found that *Crawford* was controlling rather than *Turner*.

There is a split in the Court of Appeals on the issue before us. Three panels have held that *Crawford* governs despite *Turner*, while three panels have held that *Crawford* is inapplicable where a statutory presumptive sentence is involved. Four of the opinions are unpublished.

The published opinions are conflicting. In *State v. Vargas*, 18 Kan. App. 2d 890, 861 P.2d 135 (1993), the panel held that where *Turner* and *Crawford* collide, *Crawford* is controlling. The panel reasoned that, as in *Crawford*, the defendant did not want the sentencing court to exercise its discretion and determine whether the presumptive sentence or a greater sentence should be imposed. By entering into a plea agreement and by waiving a presentence investigation, the defendant prevented the sentencing court from having the necessary information to exercise its discretion or consider the presumptive sentence. *Vargas*, 18 Kan. App. 2d at 893. Further, the defendant did not object to the court's failure to consider the presumptive sentence. The panel

noted that a defendant is precluded from raising points on appeal which were not presented to the trial court. *Vargas*, 18 Kan. App. 2d at 893. The panel also cited the invited error doctrine and noted that the defendant had led the court into error by requesting the court to impose a sentence other than the presumptive community corrections sentence. The court concluded:

"In *Crawford*, the Supreme Court permitted a defendant to waive consideration of sentencing factors made mandatory by statute. We see no discernible difference in holding a defendant may also waive consideration of a presumptive sentence provided by statute. We hold that when a defendant enters into a plea agreement and asks for and receives the bargained-for sentence, he or she has waived any consideration or application by the trial court of the presumptive sentence set forth in K.S.A. 1992 Supp. 21-4606b. In these circumstances, *State v. Crawford* controls, and *State v. Turner* is not applicable." *Vargas*, 18 Kan. App. 2d at 894.

Conversely, in *State v. O'Connell*, 18 Kan. App. 2d 895, 861 P.2d 138 (1993), the panel majority held that where *Crawford* and *Turner* collide, *Turner* controls. The majority noted that the defendant was not appealing the sentence imposed, but rather he was appealing the court's failure to address the separate issue of whether community corrections should be assigned, an issue not covered in the plea agreement.

"[I]t is clear that the *Crawford* decision disapproved of a defendant's arguing on appeal a position at odds with the position asserted in the trial court. O'Connell has not adopted an inconsistent position on appeal; the trial court remained free to apply the presumption of assignment to community corrections even though it had determined that O'Connell's controlling sentence would be concurrent terms of 3 to 10 years on each count. K.S.A. 21-4603(2)(i). See *State v. Fowler*, 238 Kan. 326, 710 P.2d 1268 (1985) (after imposing sentence, trial judge may place defendant on probation and make confinement in community corrections residential center a condition of probation)." *O'Connell*, 18 Kan. App. 2d at 897.

Additionally, the *O'Connell* majority cited *State v. Fish*, 252 Kan. 985, 850 P.2d 250 (1993), to show that the *Crawford* rule may be overcome where other rights of a defendant are involved. In *Fish*, this court held, despite the *Crawford* rule, that even where the sentence a defendant requested pursuant to a plea agreement is imposed, the defendant is entitled to modification consideration under K.S.A. 1992 Supp. 21-4603(4) (now K.S.A. 1993 Supp. 21-

4603[d]) based on an SRDC report which recommends modification or which brings significant new information to the attention of the trial court. The *O'Connell* majority concluded, "[W]e do not read *Crawford* to excuse consideration of the statutory presumption of assignment to community corrections when a defendant has requested imposition of a sentence in accord with a plea agreement." 18 Kan. App. 2d at 898.

The *Crawford* decision was filed January 17, 1992. The legislature has met in 1992, 1993, and is winding up the 1994 session. Obviously, the legislature agrees with the majority view in *Crawford,* as it has made no effort to change the law as set forth in the majority opinion.

The *Crawford* majority clearly held that consideration of K.S.A. 21-4601 and K.S.A. 21-4606 was unnecessary when the sentence a defendant requests pursuant to a plea agreement is imposed. The aggravating factors set forth in 21-4606b are of the same nature as the 21-4606 factors and concern the nature of the crime committed and the defendant's prior criminal history.

Another justification for applying the *Crawford* rule even where there is a statutory presumption of assignment to community corrections centers on the discussion in *Crawford* of the defendant's attitude toward sentencing. In *Crawford,* the defendant stated, " 'I just want to plead guilty to take advantage of the deal.' " 250 Kan. at 176. This court recognized that the defendant "did not want the district court to use its discretion and apply the sentencing factors to determine the appropriate sentences." 250 Kan. at 177. Likewise, defendant here did not want the sentencing court to exercise its discretion in sentencing him. Rather, defendant wanted to be sentenced to a term of incarceration so that he would receive credit in California for the time served in Kansas. Indeed, defendant here wanted to take advantage of the "deal," and, as in *Crawford,* he should not be permitted to avoid the deal he made.

The *Crawford* reasoning is persuasive: A defendant who does not want the sentencing court to consider certain factors should not be permitted to thereafter claim error because of the court's failure to consider those factors. In such circumstances, this court

has clearly held that a defendant will be deemed to have waived any claim of error when he or she knowingly and voluntarily urges the court to impose the sentence recommended in a plea agreement without consideration of the general sentencing factors. Clearly, each aspect of the *Crawford* rule is satisfied in this case where Moses knowingly and voluntarily entered into a plea agreement which contained specific sentencing recommendations, where he urged the sentencing court to impose the sentences recommended, and where the sentencing court did impose the sentences he requested.

We therefore follow *Crawford* and extend it to a presumptive sentence of assignment to a community correctional services program at the time of sentencing, *i.e.*, where (1) a plea bargain is knowingly and voluntarily entered into which contains specific sentence recommendations; (2) defendant urges the district court to impose the recommended sentences; and (3) the district court then imposes the recommended sentences, defendant shall be deemed to have waived any consideration or application by the district court of the statutory presumptive sentence of assignment to a community correctional services program pursuant to K.S.A. 1991 Supp. 21-4606b (now K.S.A. 1993 Supp. 21-4606b).

This court has previously limited the application of *Crawford* in the context of sentence modification. In *State v. Fish*, 252 Kan. 985, this court held that even where a defendant has received a sentence bargained for as per *Crawford*, the district court still has a duty to consider modification of the sentence if the defendant's SRDC report makes an unequivocal recommendation for modification or if the SRDC report brings significant new information to the attention of the district court. This duty stems from K.S.A. 1993 Supp. 21-4603(d) and requires modification "upon the recommendation of the SRDC unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification." *Fish*, 252 Kan. at 988. Hence, even though a defendant is deemed to have waived consideration of the sentencing factors mandated by K.S.A. 21-4601 and K.S.A. 21-4606 under *Crawford*, that waiver

is not deemed to carry over to the sentence modification stage. The same rule applies where a defendant is deemed to have waived consideration of the presumptive sentence of assignment to a community correctional services program. Here, however, defendant is not entitled to modification because the SRDC report did not make an unequivocal recommendation for modification, nor did it bring significant new information to the attention of the district court.

Affirmed.