(879 P.2d 39)
No. 70,693

STATE OF KANSAS, *Appellee*, v. CHRISTOPHER L. WILKIE,
*Appellant*.

Petition for review denied 256 Kan. ＿＿ (November 8, 1994).

Opinion filed August 12, 1994.

*Jeffrey L. Shaw*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Joel W. Meinecke*, first assistant district attorney, and *Joan M. Hamilton*, district attorney, for appellee.

Before ELLIOTT, P.J., BRAZIL, J., and RICHARD W. WAHL, District Judge Retired, assigned.

ELLIOTT, J.: Christopher Wilkie appeals his sentence following his guilty plea to aggravated escape from custody. K.S.A. 21-3810. He alleges the trial court erred in failing to consider the presumption of assignment to community corrections. K.S.A. 1993 Supp. 21-4606b.

We affirm.

While serving a sentence for aggravated assault, Wilkie escaped and subsequently pled guilty to the aggravated escape charge and was sentenced to one to two years, to run consecutive to his prior sentence.

We recognize that *State v. Turner*, 251 Kan. 43, 833 P.2d 921 (1992), requires that when sentencing a D or E felon, the trial court must make a record showing it was aware of the presumptive status of community corrections, and that it did consider the various sentencing factors, the individual needs of the defendant, and the aggravating circumstances.

We also recognize *State v. Moses*, 255 Kan. 56, Syl. ¶ 1, 872 P.2d 265 (1994), which holds that where a defendant enters into a plea agreement containing a specific sentence recommendation, defendant urges the trial court to impose the recommended sentence, and the trial court does impose that sentence, defendant is deemed to have waived the consideration of presumptive community corrections. See *State v. Vargas*, 18 Kan. App. 2d 890, 861 P.2d 135 (1993).

In the present case, defendant pled guilty. "In exchange for this plea, the State has agreed not to oppose our request for immediate sentence and not to request from the Court a specific sentence."

The trial court accepted the plea, entered a finding of guilt, and ascertained the State had waived its right to recommend a sentence. Defense counsel then asked the trial court "to impose the minimum sentence of one to two years on this case, which, by law, must run consec [*sic*] of Case Number 92-CR-2381 out of Shawnee County." That was the sentence imposed by the trial court. The defendant did not ask the court to consider presumptive community corrections.

Defendant and the State *did* enter into a plea agreement. The State kept its side of the bargain and defendant received the very sentence for which he asked. We hold *Moses* controls this fact pattern. Defendant has waived the consideration of community corrections.

Affirmed.