NOT DESIGNATED FOR PUBLICATION

No. 112,783

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL SHERMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL RIOS KINGFISHER, judge. Opinion filed October 30, 2015. Affirmed.

*Samuel Schirer*, of Kansas Appellate Defender Office, for appellant.

*Skipper Jacobs*, legal intern, *Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GREEN, J., and JEFFREY E. GOERING, District Judge, assigned.

*Per Curiam*:  Michael Sherman was charged with two counts of criminal threat, two counts of domestic battery, and one count of criminal restraint. He entered into a plea agreement with the State. He pled guilty to two of the charges in exchange for dismissal of the other three. The sentence Sherman received was based on the terms of the plea agreement. Sherman now appeals, arguing that the trial court abused its discretion when it imposed his sentence.

1

We conclude that consideration of this issue would be contrary to the interests of justice because Sherman actively contributed to what he now claims was trial court error.

Michael Sherman was charged with two counts of criminal threat, two counts of domestic battery, and one count of criminal restraint. In response to these charges, Sherman entered into a plea deal. Under the plea agreement, he pled guilty to one count each of criminal threat and domestic battery in exchange for dismissal of the other three counts. Other terms of the plea agreement included: imposition of presumed sentences for both charges, probation, undergoing a domestic violence assessment, a domestic violence fee, and a fine. At sentencing, the court adopted and imposed the proposed sentence contained in the plea agreement, sentencing Sherman to 12 months' probation, with an underlying prison term of 14 months, a $200 fine, a $100 domestic violence program fee, and a domestic violence assessment.

Sherman argues that despite agreeing to the sentence the trial court imposed when he signed the plea agreement, the trial court abused its discretion when it ordered him to pay a $200 fine in addition to requiring him to undergo a domestic violence assessment. Nevertheless, this is the sentence for which Sherman bargained and agreed to serve. Moreover, Sherman did not object to the trial court imposing a $200 fine at sentencing.

Our Supreme Court in *State v. Crawford*, 250 Kan. 174, 177, 824 P.2d 951 (1992), recognized that when a defendant receives the sentences he or she bargained for, he or she cannot later complain that the trial court did not apply the statutory factors in imposing the sentences:

> "The defendant herein did not want the district court to use its discretion and apply the sentencing factors to determine the appropriate sentences. Rather, he sought only acceptance of the sentences for which he had bargained. Having been successful in

2

this endeavor, he cannot now claim abuse of discretion in the district court's failure to apply the statutory factors in imposing sentence."

In the present case, Sherman actively contributed to what he now claims was trial court error. As a result, Sherman's argument fails.

Affirmed.