(876 P.2d 620)

No. 70,209

STATE OF KANSAS, *Appellee,* v. SYLVESTER HENRY, *Appellant.*

Petition for review denied 255 Kan. 1005 (1994).

Opinion filed June 24, 1994.

*Stephen C. Moss,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for the appellant.

*Charles R. Reimer,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before BRISCOE, C.J., LEWIS and GREEN, JJ.

LEWIS, J.: Defendant entered a plea of guilty to one count of possession of cocaine and one count of aggravated failure to appear. The cocaine charge was a class C felony, while aggravated failure to appear is a class E felony. Based on his plea, defendant was adjudged guilty and sentenced to 3 to 10 years on the cocaine charge and 1 to 5 years on the charge of aggravated failure to

appear. The sentences were ordered to run consecutively. Defendant appeals. We affirm.

Defendant first argues that the trial court erred in failing to consider the presumptive sentence of assignment to community corrections. The charge of aggravated failure to appear is a class E felony and, as such, the presumptive sentence provisions of K.S.A. 1993 Supp. 21-4606a and K.S.A. 1993 Supp. 4606b(a) apply. Defendant had prior felony convictions and was not entitled to the presumptive sentence of probation. However, K.S.A. 1993 Supp. 21-4606b(a) provides: "If probation is not granted pursuant to K.S.A. 21-4606a, and amendments thereto, the presumptive sentence for a person convicted of a class D or E felony shall be assignment to a community correctional services program on terms the court determines."

Defendant argues that the trial court erred in failing to consider the presumption of assignment to community corrections. In *State v. Turner*, 251 Kan. 43, Syl., 833 P.2d 921 (1992), the Kansas Supreme Court provided:

"In denying a presumptive sentence of assignment to community corrections, the trial court must consider the K.S.A. 21-4606 sentencing factors, the need for individualized treatment under K.S.A. 21-4601, and the various aggravating circumstances included in K.S.A. 1991 Supp. 21-4606b. The trial court need not address each factor expressly and need not necessarily quote the statutes, *but the sentencing record must show that the trial court was aware of the presumptive status of community corrections* and that it did consider (a) the sentencing factors, (b) individual treatment, and (c) the aggravating circumstances." (Emphasis added.)

The question for our consideration is whether, under the facts, *Turner* applies. We have examined the record and conclude the K.S.A. 1993 Supp. 21-4606 sentencing factors were sufficiently considered. The question of community corrections was mentioned but not specifically dealt with. However, we conclude that, under the circumstances shown, the requirements of *Turner* are not applicable, and we affirm the action of the trial court.

This case represents one of those relatively rare situations in which the option of community corrections was simply not available to the trial court despite the language of the statute. Defendant was convicted of two felonies, one of which carried the presumptive sentence and one of which did not. The conviction

for possession of cocaine was a class C felony, and no presumptive sentence applies. The first sentence imposed on defendant was that for the cocaine conviction, and the trial court imposed a 3- to 10-year sentence and refused defendant's request for private probation through Parallax, a private drug treatment facility. At this point, it became virtually impossible to impose a presumptive sentence of assignment to community corrections on the charge of aggravated failure to appear. In *State v. Dubish*, 236 Kan. 848, 854, 696 P.2d 969 (1985), our Supreme Court stated that a trial judge was to give "appropriate sentences":

"[T]he combination of penalties . . . should be harmonious. Therefore, a sentencing judge may not impose imprisonment, which mandates incarceration, with either probation or suspension of sentence, which requires release of the individual subject to conditions imposed by the court under the supervision of the probation service.

. . . .

". . . *[T]he judge does not have the right to grant probation for the one offense and impose imprisonment for other convictions arising out of the same transaction. To do so is a contradiction.*" (Emphasis added.)

The rule announced in *Dubish* applies here. As indicated earlier, the first sentence imposed on defendant was a sentence of 3 to 10 years for possession of cocaine. Defendant asked for and was denied private probation. At this point, it became impossible for the trial court to sentence defendant to community corrections on the charge of aggravated failure to appear. If the trial court had attempted to do so, it would have been granting the equivalent of probation for one offense and imposing imprisonment for the other, and that would be a violation of the rule announced in *Dubish*.

*State v. Turner* requires the trial court to address the issue of community corrections where that presumptive sentence is a viable option. Where the trial court has imposed a sentence of imprisonment for one offense and an assignment to community corrections is no longer possible on a remaining charge, we hold the failure to make a record of its consideration of the option of assignment to community corrections is not such an error as to require us to vacate and remand the matter for resentencing.

Defendant is apparently not happy with his sentence of incarceration and next makes a disingenuous argument in an attempt

to avoid the sentence. Defendant suggests that because he had a self-imposed, long-term drug abuse problem, the trial court was somehow obligated to place him in a drug treatment facility and not in the penitentiary. There is not one shred of merit to this argument. What defendant is demanding, in essence, is that we require the trial court to sentence him to private probation by assignment to a drug treatment facility. There is no basis in our statutes or in our case law for this contention. The granting of probation or assignment to a private care facility is "an act of grace by the sentencing judge and is granted as a privilege, not as a matter of right." *State v. Aleman*, 16 Kan. App. 2d 784, 789, 830 P.2d 64, *rev. denied* 251 Kan. 940 (1992). There is nothing in this record to suggest the trial court abused its discretion by ordering defendant incarcerated.

We assume that the Secretary of Corrections has available adequate drug treatment programs if defendant wishes to avail himself of those programs. Defendant is incarcerated because he violated the law and because of his lengthy arrest and conviction record. The trial court adequately considered his individual circumstances in sentencing him, and we find no abuse of discretion in that sentence.

Affirmed.