(900 P.2d 241)
No. 71,549

STATE OF KANSAS, *Appellee*, v. TERRY L. CORBER, *Appellant*.

—

Opinion filed July 21, 1995.

*Rebecca E. Woodman*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Michelle V. Hostetler*, assistant district attorney, *Joan M. Hamilton*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, P.J., LEWIS and GREEN, JJ.

LEWIS, J.: Defendant Terry L. Corber entered a plea of guilty to a charge of felony theft (over $500 but less than $50,000) in November 1993. He was sentenced on this conviction in January 1994. At the time of sentencing, defendant was on probation from

two 1990 convictions for nonresidential burglary. He had also been convicted of residential burglary and misdemeanor criminal damage to property in case No. 93-CR-1166. He was sentenced in that case in July 1993. The crimes in case No. 93-CR-1166 were committed after the felony theft. Defendant received a sentence in the instant matter of one to five years, which was ordered to run consecutive to the sentences in the 1990 convictions and in case No. 93-CR-1166. Defendant appeals from the sentence imposed.

## FAILURE TO CONSIDER ASSIGNMENT TO COMMUNITY CORRECTIONS

Defendant was convicted of a class E felony, which carries a presumptive sentence of assignment to community corrections. He argues that the trial court failed to consider the sentence of assignment to community corrections as required by *State v. Turner*, 251 Kan. 43, 833 P.2d 921 (1992).

In *Turner*, the Supreme Court stated:

"In denying a presumptive sentence of assignment to community corrections, the trial court must consider the K.S.A. 21-4606 sentencing factors, the need for individualized treatment under K.S.A. 21-4601, and the various aggravating circumstances included in K.S.A. 1991 Supp. 21-4606b. The trial court need not address each factor expressly and need not necessarily quote the statutes, but *the sentencing record must show that the trial court was aware of the presumptive status of community corrections* and that it did consider (a) the sentencing factors, (b) individual treatment, and (c) the aggravating circumstances." (Emphasis added.) 251 Kan. 43, Syl.

The record in this case shows that the trial court did consider the aggravating circumstances under K.S.A. 1994 Supp. 21-4606b. In addition, at the sentencing hearing, defendant's counsel requested placement on probation or assignment to community corrections. However, there is nothing in the record to show that the trial court considered or was aware of the *presumptive sentence* of assignment to community corrections. While defendant's prior convictions were discussed and while assignment to community corrections was discussed, the discussion was not in the context of the presumptive sentence of assignment to community corrections.

This is a close case. However, as will be discussed later, this matter must be remanded for resentencing. In order to remove

any question on this issue, we vacate defendant's sentence. On resentencing, the trial court should consider specifically and on the record the presumptive sentence of assignment to community corrections in the manner required by *Turner*.

We are mindful of our decision in *State v. Henry*, 19 Kan. App. 2d 805, 876 P.2d 620, *rev. denied* 255 Kan. 1005 (1994), and its possible application to the issue at hand. However, the rule in *Henry* applies to a situation where a defendant is sentenced on the same day for two or more convictions. In this case, defendant was being sentenced for only one conviction to which the presumption of community corrections applied. We conclude that under these facts, *Henry* does not apply and *Turner* controls.

## CONSECUTIVE SENTENCES

Defendant next argues that the trial court was under the impression that it *was required* to impose the consecutive sentences ordered in this case.

This issue has been rendered moot by our decision to vacate defendant's sentences and remand the matter for resentencing. However, we do agree that the consecutive sentences imposed was not compelled by K.S.A. 1992 Supp. 21-4608. The trial court, however, was free to impose the consecutive sentences in the exercise of its own discretion. We suggest that on remand if the trial court desires to impose consecutive sentences, it make it clear on the record that the action is taken as a matter of the trial court's own discretion and is not required by statute.

## COMPUTATION OF KANSAS SENTENCING GUIDELINES ACT SENTENCE

The trial court did not compute defendant's sentence under the Kansas Sentencing Guidelines Act (KSGA), and defendant argues this was error and requires a remand. We agree.

The crime in this case was committed prior to July 1, 1993, but sentence was imposed after that date. K.S.A. 1994 Supp. 21-4724(f) provides:

"In the case of any person to whom the provisions of this section shall apply, who committed a crime prior to July 1, 1993, but was sentenced after July 1, 1993, the sentencing court *shall impose* a sentence as provided pursuant to law as the

law existed prior to July 1, 1993, and *shall compute* the appropriate sentence had the person been sentenced pursuant to the Kansas sentencing guidelines." (Emphasis added.)

We note that the statute uses the word "shall" in requiring the computation of the appropriate sentence under the KSGA. The language is mandatory, not permissive, and no discretion exists. Our Supreme Court stated as much in *State v. Fierro*, 257 Kan. 639, Syl. ¶ 4, 895 P.2d 186 (1995):

"In those cases where a crime is committed prior to July 1, 1993, and sentencing occurs after that date, the trial court *must impose* a sentence according to the pre-July 1, 1993, law. K.S.A. 1993 Supp. 21-4724(f) *also requires the trial judge to compute what the sentence would be had the defendant been sentenced pursuant to the Kansas sentencing guidelines.*" (Emphasis added.)

Pursuant to *Fierro* and the mandatory language in the statute, we hold that under 21-4724(f), the trial court was absolutely required to compute what defendant's sentence would have been had he been sentenced under the KSGA. The failure of the trial court to do this was error, and we are required to remand the matter to the trial court with directions to compute what defendant's sentence would have been had he been sentenced pursuant to the KSGA.

In this case, the parties all agree that defendant is entitled to retroactive application of the KSGA. It is also undisputed that defendant's conviction and criminal history place him within grid block 9-C. This is a presumptive nonimprisonment block. It appears, therefore, that the appropriate guidelines sentence for defendant would be one of nonimprisonment. The failure of the trial court to compute defendant's guidelines sentence results in defendant's not receiving the benefit of the nonimprisonment guidelines sentence. This illustrates the importance of the trial court's computing the guidelines sentence and demonstrates why we conclude that computation is mandatory and not discretionary.

In this case, it appears that defendant's guidelines sentence should have been one of nonimprisonment. The parties agree that defendant is entitled to retroactive application of the guidelines and is entitled to have his pre-guidelines sentence converted to a guidelines sentence of nonimprisonment. This leads us to an in-

teresting question: Why not simply instruct the trial court to release defendant on probation under the KSGA?

The answer to that question is found in the statute. K.S.A. 1994 Supp. 21-4724(f) instructs the trial court to *impose* the sentence required under the law as it existed prior to the adoption of the KSGA. The trial court is then directed to *compute* the sentence that would have been imposed had defendant been sentenced under the guidelines. The statute directs the court to compute the guidelines sentence but gives the court no authority to impose that sentence. The only authority given to the trial court is to impose the pre-guidelines sentence. The trial court has no authority to impose a guidelines sentence for a crime committed prior to the adoption of the KSGA. For that reason, we are unable to remand the matter to the trial court with directions to convert defendant's sentence and release him under the guidelines.

For reasons we were not privy to, the legislature chose to mandate only the computation of the guidelines sentence under the facts disclosed by this record. It did not grant the court authority to impose that sentence, although it could have easily done so. Accordingly, we hold that while the trial court is required to compute a guidelines sentence, it has no authority to impose that sentence.

Defendant in this case has been properly sentenced to the custody of the Secretary of Corrections under the pre-guidelines law. This sentence is the one the statute required to be imposed on defendant. The trial court is also required to compute the guidelines sentence. Having done so, defendant would be transferred to the custody of the Department of Corrections (DOC) under the sentence imposed, which is the pre-guidelines sentence. It is then up to the DOC to require defendant to serve only the lesser of the two sentences. In the event the guidelines sentence is the lesser sentence, the DOC is required to convert the sentence imposed to a guidelines sentence and to execute the lesser sentence. In *Fierro*, the Supreme Court said:

"The trial judge is not to impose a sentence under the sentencing guidelines. The trial judge has already imposed the sentence based on the statutes in effect when the crime was committed. All the trial judge is to do is compute the sentence

that would have been imposed *had* the defendant been sentenced pursuant to the sentencing guidelines. K.S.A. 1993 Supp. 21-4724(f). *The Department of Corrections will then require the defendant to serve the lesser of the two.*" (Emphasis added.) 257 Kan. at 651.

In closing the *Fierro* opinion, the court said:

"Fierro qualifies for and is therefore entitled to retroactive application of the KSGA. *Consequently, his guidelines sentence controls to the extent that it benefits him. If it disadvantages him compared to his pre-guidelines sentence, then his pre-guidelines sentence must control.* Therefore, both his pre-guidelines sentence and his guidelines sentence must be computed, separately, in order to effectively impose and administer Fierro's sentence." (Emphasis added.) 257 Kan. at 651-52.

This language from *Fierro* is applicable to the instant matter. It is apparent that under the statutory method set forth by the KSGA, defendant can only be made to serve the most beneficial of the two sentences. Since the trial court can only compute the guidelines sentence, it is the DOC which must determine which sentence is most beneficial to defendant and see that this is the sentence carried out. In this case, if defendant's guidelines sentence is a nonimprisonment sentence, he must be released by the DOC under its appropriate procedures. This release cannot take place until the guidelines sentence is computed by the trial court and defendant is committed to the custody of the Secretary of Corrections under the sentence imposed.

We note that in computing the appropriate guidelines sentence, the trial court has the authority to depart dispositionally up or down. If the trial court chooses to depart, it must do so at the time the guidelines sentence is computed, and it must set forth its reasons for departure just as if it were imposing that sentence. Only then will the DOC be apprised of the appropriate guidelines sentence, and only then can it determine whether the guidelines sentence or the sentence imposed should be executed.

In summary, we vacate defendant's sentence and remand the matter with the following directions: (a) In imposing sentence on defendant for the crime for which he has been convicted, the trial court must consider the presumptive sentence of assignment to community corrections. (b) If defendant is again sentenced to consecutive terms, the trial court must make it clear that the consec-

utive sentences are imposed in the discretion of the trial court. (c) The trial court is directed to compute defendant's sentence as if he had been sentenced pursuant to the KSGA. In computing this sentence, the trial court must determine whether it intends to depart from the guidelines sentence and, if so, it must list the reasons for departure.

Sentence vacated and case remanded with directions.