(920 P.2d 448)
No. 73,677

STATE OF KANSAS, *Appellee,* v. DONALD H. BEALL, *Appellant.*

Opinion filed May 24, 1996.

*J. Patrick Lawless, Jr.,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Mary A. McDonald,* county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before BRAZIL, C.J., KNUDSON, J., and C. FRED LORENTZ, District Judge, assigned.

KNUDSON, J.: Donald Beall appeals the district court's determination of sentence conversion under K.S.A. 21-4724. He argues that the court was without jurisdiction to consider departure from the sentencing range provided by the crime severity and criminal history grid matrix established under the Kansas Sentencing Guidelines Act (KSGA). He further contends that the district court's determination of sentence under the KSGA was vindictive and based upon irrelevant evidence presented at the hearing to consider departure from the presumptive sentence range under the matrix.

We reverse the district court because the State's motion requesting a durational departure was not filed in a timely manner; thus, the State waived its right to request departure, and the district

court lacked jurisdiction to enter a departure sentence. Our conclusion makes unnecessary consideration of the remaining issues raised on appeal.

In September 1992, Beall pled no contest to five counts of abuse of a child, a class D felony. The victim was Beall's 5-week-old daughter, D.B. In December 1992, the court sentenced Beall to five concurrent terms of 3 to 10 years in prison.

In November 1993, the Department of Corrections (DOC) issued a sentencing guidelines report which stated that Beall was eligible to have his indeterminate sentence retroactively converted to a guidelines sentence. The State filed an objection to retroactive sentence conversion, and the court held a hearing on the matter. The State argued that sentence conversion was not mandatory. The court agreed and refused to convert Beall's sentence, citing the brutality of the crime and the vulnerability of the victim. In declining to convert Beall's sentence, the court stated:

"If, however, at some later date it is determined that the Court was obligated to modify the sentence, then and in that event, under Level 5(i), the Court would sentence the defendant to 34 months with the Secretary of Corrections, a 6.8 month potential good time, with a 36 month post-release supervision. Under the new Guidelines also, this being a border box, the Court would deny the defendant's request for probation."

We note a 34-month sentence is the maximum within the severity level 5, criminal history level I grid box.

Beall appealed the court's refusal to convert his sentence. In an unpublished opinion, this court followed *State v. Gonzales*, 255 Kan. 243, 874 P.2d 612 (1994), and held that the KSGA mandated retroactive sentence conversion for eligible persons. *State v. Beall*, No. 71,316, unpublished opinion filed September 16, 1994 (*Beall I*). This court remanded the case for resentencing in accord with the KSGA.

In September 1994, upon receiving the Court of Appeals opinion, the district court issued a letter to the State and to Beall's attorney informing them of the decision. The court wrote: "At the time of the hearing, although conversion was denied, the Court did proceed with sentencing under the new guidelines if it was later found that the new guidelines appealed [*sic*]." The court then di-

rected the State to prepare a journal entry reiterating the guidelines sentence calculated at sentencing.

Instead of preparing the journal entry in October 1994, the State filed a motion requesting durational departure. On January 3, 1995, the district court took evidence, granted the State's motion, and converted Beall's controlling sentence under the KSGA to a term of 68 months.

The central issue before the court is whether the State filed its motion for departure in a timely manner, conferring jurisdiction upon the district court to enter a departure sentence. This requires interpretation of K.S.A. 21-4724(d) and K.S.A. 21-4718(a)(1) and how the two statutes relate.

Our standard of review is unlimited because interpretation of statutes is a question of law. See *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993).

*Beall I* was decided in the district court before *State v. Gonzales*, 255 Kan. 243, was filed. In *Gonzales*. the court held that the KSGA mandated retroactive sentence conversion for eligible persons. The court also noted that the trial court could depart under proper circumstances from a presumptive guidelines sentence. 255 Kan. at 250.

Apparent from the pleadings and transcripts is that upon receipt of Beall's sentencing guidelines report from the Department of Corrections, the Harvey County Attorney did not realize that, in addition to requesting a hearing under K.S.A. 21-4724(d) within 30 days after the report, a party could also file a motion for departure under K.S.A. 21-4718(a)(1). This conclusion is borne out by the State's statement to the court at the conversion hearing on January 10, 1994, that "had this crime been committed after July 1, 1993, the State would have asked for departure."

Instructive is *State v. Corber*, 21 Kan. App. 2d 325, 900 P.2d 241 (1995), wherein the defendant was sentenced for a crime committed before July 1, 1993 (the effective date of the KSGA), but was sentenced after that date. In discussing departure from a presumptive guidelines sentence, the court stated:

"We note that in computing the appropriate guidelines sentence, the trial court has the authority to depart dispositionally up or down. If the trial court chooses

to depart, *it must do so at the time the guidelines sentence is computed,* and it must set forth its reasons for departure just as if it were imposing that sentence." (Emphasis added.) 21 Kan. App. 2d at 330.

The *Corber* decision holds that the legislature intended computation of sentence under K.S.A. 21-4724(f) to be final. That is, the sentence computation should encompass all aspects of sentencing as if the offender were actually being sentenced under the guidelines.

We believe that the rationale in *Corber* under K.S.A. 21-4724(f) is just as applicable under K.S.A. 21-4724(d). If the State intends to file a departure motion under K.S.A. 21-4718(a)(1), it must do so prior to the district court's determination of sentence under K.S.A. 21-4724(d).

In the present case, the State did not file a timely motion for departure, even though it had the clear opportunity to do so. Although the district court concluded that conversion under the KSGA was not mandatory, the court determined precisely what Beall's applicable guidelines sentence was to be. (The court concluded a determinative sentence of 34 months, which was the maximum within the presumptive sentence, and a post-release supervision period of 36 months, which was in excess of the presumptive period.) The fact that the district court erroneously concluded that conversion was not mandatory should not negate the nature and extent of the hearing and the judicial determination of Beall's sentence under conversion. By granting 1 year later the State's untimely motion for departure after *Beall I,* the district court impermissibly modified its previous conclusions of law as to the guidelines sentence. We hold that the State's motion to modify was not timely and that the district court was without jurisdiction to modify Beall's sentence upon remand.

We have noted the State's assertion that this court in *Beall I* set into motion what transpired because of its direction to the district court upon remand. While acknowledging that perhaps the court's language lacked clarity, within the context of the issues presented and the decision reached, the appellate court's direction was for the district court to comply with the conversion provisions of the KSGA and *Gonzales,* not to return to square one as if there had

never been a hearing under K.S.A. 21-4724(d) and conclusions of law by the trial court as to Beall's converted sentence.

Reversed and remanded for proceedings consistent with this opinion and the district court's prior determination of the conversion sentence in the proceedings of January 10, 1994.