No. 68,740

STATE OF KANSAS, *Appellee*, v. JON H. MARESKA, *Appellant*.

(855 P.2d 954)

Opinion filed July 9, 1993.

*Jessica R. Kunen*, chief appellate defender, argued the cause and was on the brief for appellant.

*David B. Debenham*, assistant district attorney, argued the cause, and *Joan M. Hamilton*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Jon H. Mareska, Jr., appeals from the district court's denial of his motion to modify sentence. The sole issue raised by the defendant is whether the district court erred in denying the motion to modify sentence without considering the policy and factors set out in K.S.A. 21-4601 and K.S.A. 21-4606.

On February 6, 1992, Mareska pled guilty to one count of first-degree murder, one count of aggravated kidnapping, one count of rape, and one count of aggravated criminal sodomy. For Mareska's guilty pleas, the State agreed to withdraw its notice of intent to invoke the penalty provision of K.S.A. 1992 Supp. 21-4624, the "hard 40" provision. Furthermore, the State and Mareska "agreed to be bound by" the following sentences: life on the murder count, life on aggravated kidnapping, 10 years to life on rape, and 10 years to life on aggravated criminal sodomy. They also agreed that the terms should run consecutively to one another as well as to the preexisting sentence. On April 13, 1992, the district court imposed the requested sentences.

On April 14, 1992, Mareska filed a motion pursuant to K.S.A. 1992 Supp. 21-4603, seeking modification of his sentences. Mareska expressly requested a hearing on the motion.

On June 10, 1992, the district court judge filed and sent the following letter to counsel: "MEMORANDUM DECISION . . . . The Court finds that returning the defendant for a formal hearing upon the defendant's Motion to Modify would serve no useful purpose and the Motion to Modify the sentence imposed is considered and denied." .

Mareska argues that "[t]he district court abused its discretion by refusing to modify the sentence without a consideration of the statutory policy pursuant to K.S.A. 21-4601 or the statutory factors pursuant to K.S.A. 21-4606." He relies on *State v. Bennett,* 240 Kan. 575, 731 P.2d 284 (1987), and *Cochrane v. State,* 4 Kan. App. 2d 721, 610 P.2d 649 (1980). Neither case supports his position. Both involve sentencing rather than a motion to modify sentence. Both stand for the proposition that it is the better practice for the sentencing court, when imposing a sentence which exceeds the minimum, to make a record of the facts and factors it considered. Neither requires that a record be made of the sentencing court's considerations.

The State argues that *State v. Crawford,* 250 Kan. 174, Syl., 824 P.2d 951 (1992), is applicable. In *Crawford,* we held:

"Where (1) a plea bargain is knowingly and voluntarily entered into which contains specific sentence recommendations; (2) the defendant urges the district court to impose the recommended sentences; and (3) the district court then imposes the recommended sentences, the defendant shall be deemed to have waived any consideration or application by the district court of the sentencing factors set forth in K.S.A. 21-4601 and K.S.A. 21-4606."

*Crawford* is distinguishable in that it also involves the failure to consider the K.S.A. 21-4606 factors at the time of sentencing.

Mareska has provided no legal authority for his contention that the district court must consider the statutory factors upon a motion to modify sentence. Clearly, K.S.A. 21-4606 applies to the sentencing of a defendant and not to the modification of sentence. In the present case the district court, on the record at the time of sentencing, stated that it had reviewed the criteria set forth in K.S.A. 21-4606 and that the prosecutor had "addressed those criteria at some length." Thus, the district court embraced the "better practice" and considered the factors when imposing a sentence which exceeded the minimum. Mareska has not presented sound reasons to the court, nor are we aware of any, why

the district court should be reversed for not reconsidering the factors upon his motion to modify sentence.

In *State v. Fish,* 252 Kan. 985, 850 P.2d 250 (1993), the defendant was sentenced pursuant to a plea agreement, and a Topeka Correctional Facility (SRDC) evaluation was ordered. Fish filed a motion to modify his sentence, which was denied. Fish appealed, arguing that the district court abused its discretion in failing to modify the sentence to the minimum. Although Fish conceded that *Crawford* controls as to the original sentence, he argued it should not apply to the motion to modify because of new information in the SRDC report. We found that no new significant information was contained in the report. The report did not recommend modification of defendant's sentence but, rather, concluded Fish should serve an appropriate sentence. In affirming the district court, we said:

"K.S.A. 1992 Supp. 21-4603(4) requires the trial court to modify a sentence upon the recommendation of the SRDC unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification. Factual situations may arise in plea-bargained cases where a defendant has received the sentence bargained for and the SRDC report recommends modification of sentence or contains significant new information not previously before the trial court. In such situations, K.S.A. 1992 Supp. 21-4603(4) shall apply." 252 Kan. at 988.

We find our decision in *Fish* to be controlling in the present case. The Topeka Correctional Facility report contains no significant new or additional information beneficial to the defendant's position, nor does it recommend that his sentence be modified. As in *Fish,* the recommendation is that the defendant serve "appropriate sentence." We do not find that the district court abused its discretion in denying the defendant's motion for modification of sentence.

Affirmed.