No. 68,805

State of Kansas, *Appellee*, v. Darron Edwards, *Appellant*.

(867 P.2d 355)

Opin-
ion filed January 21, 1994.

*Jean K. Gilles Phillips*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellant.

*David Lowden*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

McFarland, J.: Darron Edwards appeals from the district court's denial of: (1) his motion to withdraw his pleas of guilty; and (2) his motion to modify the sentences imposed. Subsequent to the hearing of oral arguments herein, Edwards filed a motion to withdraw the issue raised relative to denial of his motion to withdraw his guilty pleas. The motion was granted. The sole issue before us is whether the district court erred in denying the motion seeking sentence modification without considering the policy and factors set out in K.S.A. 21-4601 and K.S.A. 21-4606.

On January 17, 1992, Edwards, pursuant to a plea agreement, entered guilty pleas to aggravated criminal sodomy, aggravated

burglary, attempted rape, two counts of rape, and two counts of aggravated kidnapping. Edwards waived preparation of a presentence investigation report and was sentenced the same day. The controlling term was life consecutive to 20 years to life. Edwards received the sentences for which he had bargained and which both he and the State had recommended that the district court impose. These facts mirror those in *State v. Crawford*, 250 Kan. 174, Syl., 824 P.2d 951 (1992), wherein we held:

"Where (1) a plea bargain is knowingly and voluntarily entered into which contains specific sentence recommendations; (2) the defendant urges the district court to impose the recommended sentences; and (3) the district court then imposes the recommended sentences, the defendant shall be deemed to have waived any consideration or application by the district court of the sentencing factors set forth in K.S.A. 21-4601 and K.S.A. 21-4606."

In the case before us, Edwards is not contending there is error in the district court's failure to consider or apply K.S.A. 21-4601 or 21-4606 at the time of the sentencing. Rather, Edwards contends the district court erred in failing to consider the sentencing factors and considerations set forth in K.S.A. 21-4601 and 21-4606 in its determination of his motion to modify the sentences imposed. A similar issue was raised in *State v. Mareska*, 253 Kan. 431, 855 P.2d 954 (1993). In *Mareska*, defendant entered pleas of guilty pursuant to a plea agreement and received the recommended sentences. Upon the denial of his motion to modify, Mareska appealed, contending that the district court erred in denying his motion to modify without consideration or application of the factors set forth in K.S.A. 21-4601 and 21-4606. In affirming the district court, we held:

"Under the facts of this case, the district court did not abuse its discretion in denying the defendant's motion to modify sentence. K.S.A. 21-4606 applies to sentencing and not to modification of sentence, and, since the Topeka Correctional Facility report contained no new significant information nor recommended modification of the defendant's sentence, the relevant provision of K.S.A. 1992 Supp. 21-4603(4) is not applicable." 253 Kan. 431, Syl.

The only information contained in Edwards' Topeka Correctional Facility report is as follows:

"Based on the findings of the present evaluation, the team recommends: Serve appropriate sentence.

"Comments:

"This inmate refused to participate in the evaluation process. In light of the severity of his offenses, there is obviously no recommendation that we can make other than continued incarceration."

The only facts in which *Mareska* differs are: (1) Preparation of a presentence report was not waived; and (2) the district court addressed the factors in K.S.A. 21-4601 and 21-4606 at the time of sentencing. At one point in the *Mareska* opinion, we stated there was no requirement that the district court reconsider these factors in the hearing on the motion to modify. We believe the previously stated factual differences are not crucial to the holding in *Mareska* and that *Mareska* is controlling herein. Under *Mareska*, K.S.A. 21-4601 and 21-4606 apply only to sentencing and not to modification of sentence where no new significant information was contained in the Topeka Correctional Facility report or no sentence modification was recommended in the report. That is the precise situation in the case before us.

We find no abuse of discretion in the district court's denial of defendant's motion for modification of sentence.

The judgment is affirmed.