No. 74,344

STATE OF KANSAS, *Appellee*, v. DARRON EDWARDS, *Appellant.*

(917 P.2d 1322)

Opinion filed May 31, 1996.

*Jean K. Gilles Phillips*, assistant appellate defender, argued the cause, and *Stephen C. Moss*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for appellant.

*David Lowden*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by:

McFARLAND, C.J.: Darron Edwards was convicted on pleas of guilty to two counts of aggravated kidnapping (K.S.A. 21-3421 [Ensley 1988]), a class A felony; two counts of rape (K.S.A. 21-3502 [Ensley 1988]), a class B felony; one count of aggravated criminal sodomy (K.S.A. 21-3506[a][3][A] [Ensley 1988]), a class B felony; one count of aggravated burglary (K.S.A. 1991 Supp. 21-3716), a class C felony; one count of attempted rape (K.S.A. 21-3502 [Ensley 1988], K.S.A. 1991 Supp. 21-3301), a class C felony; and one count of aggravated battery (K.S.A. 21-3414 [Ensley 1988]), a class C felony. Defendant's controlling term of life consecutive to 20 years to life was affirmed in his direct appeal. *State v. Edwards*, 254 Kan. 489, 867 P.2d 355 (1994). This is an appeal from the district court's denial of defendant's subsequent pro se motion pursuant to K.S.A. 22-3504 to correct an illegal sentence.

A detailed recitation of the facts underlying the convictions is unnecessary for determination of the issue presented herein. Those facts, however, are set forth in *State v. Pratt*, 255 Kan. 767, 876 P.2d 1390 (1994), the direct appeal of the codefendant. The victims of the aggravated kidnapping counts were 64-year-old M.C. and

her 92-year-old mother R.C. The victim in the sex crimes convictions was M.C. The victim in the aggravated battery conviction was R.C.

In his direct appeal, defendant raised and briefed two claims of error:

1. The amended information was defective as it charged two counts of simple kidnapping rather than two counts of aggravated kidnapping to which defendant plead guilty. Defendant had filed a motion to withdraw his pleas of guilty based upon said defect and appealed the district court's denial of his motion.

2. The district court did not consider K.S.A. 21-4601 and K.S.A. 21-4606 in denying defendant's motion to modify the sentences imposed.

After the briefs were filed and oral arguments heard in the direct appeal, but prior to the filing of the opinion, defendant filed a written motion to withdraw the issue relative to the alleged error in charging aggravated kidnapping. The motion was granted on December 29, 1993, with the opinion being filed on January 21, 1994. The reason for the withdrawal of the issue was defendant's concern over the "ramifications of withdrawing his plea."

On December 27, 1994, defendant filed a pro se "Motion Attacking Sentence" pursuant to K.S.A. 22-3504 (correction of illegal sentence). The basis for the motion is the same claimed defect in the amended information which was the subject of the withdrawal in the direct appeal. Only the relief sought is different. Defendant seeks to be sentenced for simple kidnapping. This avoids the risk of exposure to increased sentences if the pleas are withdrawn. In denying the defendant's motion herein the district court stated, in part:

"2. Following his convictions, the defendant was appointed counsel on appeal. Appellate counsel filed a brief with the Supreme Court. Issue II of the appellant's brief starts as follows:

'ISSUE II: The trial court erred in not granting Darron Edwards' motion to withdraw his guilty plea in that with regard to the two counts of aggravated kidnapping (a) the complaint was defective, (b) there was no factual basis for the plea, (c) the plea was not knowingly and voluntarily made, and (d) Mr. Kidd did not provide effective assistance.

‹ 'This entire issue focuses on one major error in this case: despite the state claiming it charged Mr. Edwards with aggravated kidnapping, what Mr. Edwards was actually charged with, and pled to, was simple kidnapping.'

"The defendant also raised the claim the trial court erred in denying his motion to modify sentence.

"3. The opinion issued by the Supreme Court states, in part: 'Subsequent to the hearing of oral arguments herein, Edwards filed a motion to withdraw the issue raised relative to denial of his motion to withdraw his guilty pleas. The motion was granted.' *State v. Edwards*, 254 Kan. 489, . . . 867 P.2d 355 (1994).

"4. The defendant is in no position to raise arguments to the court that were presented to the Supreme Court and abandoned. The defendant's first complaint does not entitle him to relief."

The two aggravated kidnapping counts state:

### "COUNT ONE

in the County of Sedgwick, and State of Kansas, and on or between September 21, 1991 to September 22, 1991, A.D., DARRON ° EDWARDS, did then and there unlawfully, willfully take or confine another, to-wit: [M.C.], by force or threat, with the intent in him, the said DARRON ° EDWARDS, to hold the said [M.C.], to facilitate the commission of a crime, to-wit: rape, aggravated criminal sodomy, attempted rape or theft;

"Contrary to K.S.A. 21-3421(b) (Aggravated Kidnapping, Class A Felony, Count One)

### "COUNT TWO

in the County of Sedgwick, and State of Kansas, and on or between September 21, 1991 to September 22, 1991, A.D., DARRON ° EDWARDS, did then and there unlawfully, willfully take or confine another, to-wit: [R.C.], by force or threat, with the intent in him, the said DARRON ° EDWARDS, to hold the said [R.C.], to facilitate the commission of a crime, to-wit: battery, aggravated battery, theft, rape, aggravated criminal sodomy, or attempted rape.

. . . .

"Contrary to K.S.A. 21-3421(b) (Aggravated Kidnapping, Class A Felony, Count Two)"

Neither count contains the element that bodily harm was inflicted upon the victim. There is no question that at the time of the pleas and sentencing all parties considered aggravated kidnapping as the charge in each count.

The first issue to be determined is whether defendant had the right to reassert this claim of error in his motion to correct his

sentence. The State argues that the district court was correct when it held that by withdrawing this claim of error from consideration in the direct appeal, defendant has abandoned this issue. Defendant in his brief states only: "Mr. Edwards initially raised this issue on direct appeal, but withdrew the issue from the court's consideration after oral argument." Defendant does not brief the question of the legal effect of withdrawing the claim of error.

It is well settled that an issue neither briefed nor argued on appeal is deemed to have been abandoned. *State v. Pratt*, 255 Kan. 767, Syl. ¶ 4; *State v. Wacker*, 253 Kan. 664, 670, 861 P.2d 1272 (1993); *State v. Mims*, 222 Kan. 335, 564 P.2d 531 (1977). In such circumstances, nonaction is considered to constitute abandonment. Here, more than nonaction is involved—defendant took specific action to withdraw the issue from consideration. Defendant did not want the issue determined because of possible adverse ramifications of being successful on this claim of error. Does withdrawal of an issue equate to saving it for later? We think not. We conclude that the withdrawal of the claim of error from consideration in the direct appeal constitutes abandonment of the claim of error. The withdrawn claim of error cannot be the basis for a second appeal.

By virtue of this determination, we do not reach the merits. The judgment is affirmed.