1044

No. 80,768

STATE OF KANSAS, *Appellee*, v. UNDRA D. LEE, *Appellant*.

(975 P.2d 1208)

Opinion filed March 5, 1999.

*Lisa Nathanson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for appellant.

*Michelle M. Sehee*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by defendant Undra D. Lee from the denial of his post-appeal motion to modify his sentence. The sole issue before us is Lee's contention that the trial judge did not consider the statutory factors and policies that control a trial judge's discretion.

Lee was convicted of first-degree murder, aggravated kidnapping, aggravated assault, and kidnapping. This court affirmed those convictions in *State v. Lee*, 263 Kan. 97, 948 P.2d 641 (1997). Lee then filed this post-appeal motion to modify his sentence that is now before us. We summarized the facts of the case in Lee's direct appeal as follows:

"Lee ran a drug operation out of the home of Allen Brooks. Marqueta owed Lee drug money. Lee, James C. Sanders (Lee's uncle), and Glenn Whistnant went to Steven Alexander's home, and Sanders and Whistnant forcibly removed Marqueta. Sanders put a gun to Alexander's head and backed out of the home with Alexander in tow. (The kidnapping charge arose from this incident.) Roselyn Surratt, a friend

of Marqueta's, was a resident of the Alexander home and was present when Marqueta and Alexander were removed from the home. (The aggravated assault charge arose from threats made to Surratt during this incident.) The aggravated kidnapping and first-degree murder charges arose because Marqueta was forcibly taken from Alexander's home and killed.

"Marqueta was taken to Brooks' home, forced to disrobe, and questioned intensely for some 2 hours. Before being taken from the Alexander home, Marqueta admitted she had taken the drug money and said, 'You might as well go on ahead and kill me.' She was told, 'That wouldn't be any problem.' While at Brooks' home, Lee was angry, and Marqueta was upset and crying and requesting that she not be killed.

"Marqueta was next taken to the field where her remains were ultimately located. In the field, another long conversation took place concerning the drug money. Lee then gave Marqueta permission to walk home. When she had walked some 150 yards away from Lee, Sanders, and Whistnant, Lee sent Sanders to bring her back.

"Sanders testified that Lee had been discussing shooting Marqueta. Whistnant testified Lee had told him he was going to 'waste Marqueta.' Lee tried to get Whistnant to shoot Marqueta, but Whistnant refused.

"After further discussion concerning the missing drug money, Marqueta again requested that she not be killed. Lee shot her and Marqueta fell down. Lee then walked up to Marqueta as she lay on the ground and shot her again." 263 Kan. at 98-99.

Here, Lee makes a number of arguments as to how the trial court abused its discretion. He argues the trial judge abused her discretion in denying his post-appeal motion to modify his sentence because she did not reference K.S.A. 21-4601 or K.S.A. 21-4606 or discuss the factors and policies of each statute before denying the motion to modify. We have addressed this issue before. The defendant in *State v. Mareska*, 253 Kan. 431, 855 P.2d 954 (1993), raised the identical issue. We held that "K.S.A. 21-4606 applies to the sentencing of a defendant and not to the modification of sentence." 253 Kan. at 432. We also held that the district court did not abuse its discretion by not reconsidering the statutory factors under K.S.A. 21-4606 upon a motion to modify. The district court in *Mareska* stated at the original sentencing that it had reviewed the criteria set forth in K.S.A. 21-4606. Thus, the *Mareska* court reasoned that no sound basis had been presented to mandate a reversal of the trial court for not considering the same factors upon a motion to modify, given that these factors had already been con-

sidered at the more appropriate time of the sentencing itself. 253 Kan. at 432-33. In the present case, as in *Mareska*, the trial court considered the policy of K.S.A. 21-4601 and took the factors of K.S.A. 21-4606 into consideration at the time of sentencing.

Lee argues that the trial court erred because the judge announced her readiness to rule on the motion to modify before hearing from Lee. This statement is taken out of context. The judge stated that she was prepared to rule on the motion on the day that it was scheduled in response to defense counsel's request for a 2-week continuance. This was not an abuse of discretion.

Lee also asserts that it was an abuse of discretion for the judge to indicate some skepticism about his participation in Operation Desert Storm. Lee's military service was not mentioned in the Department of Corrections report, and this report was not made a part of the record on appeal. The judge for some reason questioned the veracity of Lee's military participation, but clearly indicated that it was irrelevant for purposes of the motion to modify the sentence. When the trial judge originally sentenced Lee, she was made aware that Lee was an Operation Desert Storm veteran and expressed her appreciation for that service. "When a sentence is within the statutory limits, it will not be disturbed on appeal unless it is shown that the trial court abused its discretion or that the sentence was the result of partiality, prejudice, oppression, or corrupt motive." *State v. Fisher*, 249 Kan. 649, 650, 822 P.2d 602 (1991) (citing *State v. Heywood*, 245 Kan. 615, 617-18, 783 P.2d 890 [1989]).

The trial judge did not abuse her discretion in refusing to modify Lee's sentence.

Affirmed.