No. 101,198

STATE OF KANSAS, *Appellee*, v. DARRON EDWARDS, *Appellant*.

(226 P.3d 1285)

Opinion filed April 2, 2010.

*Clark F.A. Maughn* and *Catherine A. Zigtema*, of Maughn & Maughan LC, of Wichita, were on the brief for appellant.

*David Lowden*, chief attorney, appellate division, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Darron Edwards appeals the district court's denial of his April 9, 2008, pro se motion to withdraw guilty pleas; his April 23, 2008, pro se supplemental motion to withdraw guilty pleas; and his June 20, 2008, pro se motion to reconsider. On appeal, he argues the district court's denial of his motions (particularly his motion to withdraw guilty pleas) violated his due process rights, resulting in manifest injustice. Because Edwards advances this argument for the first time on appeal, his motions are untimely, and he has failed to establish manifest injustice, we affirm.

## FACTS

On January 17, 1992, Edwards, pursuant to a plea agreement, entered guilty pleas to aggravated criminal sodomy, aggravated burglary, attempted rape, two counts of rape, and two counts of aggravated kidnapping. Edwards waived preparation of a presentence investigation report and was sentenced the same day. *State v. Edwards*, 254 Kan. 489, 867 P.2d 355 (1994). Specifically, the crimes and sentences were as follows:

Count 1, aggravated kidnapping, life term
Count 2, aggravated kidnapping, life term
Count 3, rape, 15 years to life

Count 4, aggravated criminal sodomy, 15 years to life
Count 5, aggravated burglary, 5 to 20 years
Count 6, attempted rape, 5 to 20 years
Count 7, aggravated battery, 5 to 20 years
Count 8, rape, 15 years to life
Counts 1, 2, 3, and 4 were ordered to run concurrent with each other, which established one life sentence as the controlling term. Counts 5, 6, and 7 were ordered to run concurrent with each other, for a term of 5 to 10 years, but consecutive to the sentence for counts 1 through 4. The 15-years-to-life term on count 8 was ordered to run consecutive to the sentences in counts 5, 6, and 7.

Subsequent to the sentencing, Edwards has filed more than 10 appeals from adverse decisions of the district court. The basic theme of Edwards' prior appeals—involving postconviction motions and original actions—was to reduce the aggravated kidnapping convictions to simple kidnapping, and the primary supporting argument was that the complaint failed to allege bodily harm to the victims. As noted in a Court of Appeals' unpublished opinion, the defendant has made numerous attempts "to put a new cover on a worn out issue." *State v. Edwards*, No. 85,355, unpublished opinion filed January 25, 2002.

In his 1994 direct appeal, Edwards argued, for the first time, that the district court lacked jurisdiction over the aggravated kidnapping charges because the complaint was fatally defective for omitting the "bodily harm" element of the offense. See K.S.A. 21-3421 (Ensley). However, after oral arguments but prior to this court's decision, Edwards' appellate attorney withdrew Edwards' request to be relieved from the plea agreement, the arguments for which included the argument related to the district court's jurisdiction over the aggravated kidnapping charges. We noted the voluntary dismissal of these claims. *Edwards*, 254 Kan. at 489.

Thereafter, Edwards filed several motions challenging the legality of the sentences imposed for his convictions of aggravated kidnapping. He argued the district court lacked jurisdiction because the charging instrument lacked an element of the crime, depriving the court of jurisdiction over the aggravated kidnapping charges. Affirming the district court's denial of the motions in *State*

*v. Edwards*, 260 Kan. 95, 97-98, 917 P.2d 1322 (1996), this court refused to address the merits of Edwards' jurisdiction claim, finding Edwards had abandoned the claim by withdrawing it from consideration in his prior appeal.

In the present case, Edwards filed a pro se motion to withdraw pleas, again seeking the same relief—reduction of the sentences associated with his aggravated kidnapping convictions. This time he based his argument on the underlying rationale that the State breached the plea agreement by recommending to the district court a plea of guilty on a crime (aggravated kidnapping) for which Edwards was not charged. In his supplemental motion to withdraw pleas, Edwards further argued that the plea bargain was based upon the State's promise to recommend an "illegal sentence," in that he was sentenced to aggravated kidnapping rather than simple kidnapping.

In the State's response, it contended that Edwards was again challenging his aggravated kidnapping convictions based on the notion that the complaint merely charged simple kidnapping and that Edward "has raised this issue in a multitude of postconviction motions." The State requested that the district court deny Edwards' motion to withdraw pleas because of res judicata and waiver.

On May 2, 2008, the district court summarily denied Edwards' motions to withdraw pleas by checking a box on a preprinted form. After first unsuccessfully attempting to file a pro se appeal, on June 20, 2008, Edwards filed a motion requesting the district court to reconsider the denial of his motions to withdraw pleas. This motion was also summarily denied by the district court. Again using a preprinted form, the district court checked the "overruled" box, and also wrote the explanation: "Same motion as before."

Edwards filed an untimely appeal, and we ultimately granted his motion to file the appeal out of time. This court's jurisdiction arises under K.S.A 22-3601(b)(1) (off-grid crime; life sentence).

## ANALYSIS

Edwards argues that the district court violated his due process rights by denying his motion to withdraw pleas, his supplemental motion to withdraw pleas, and his motion for reconsideration. Ed-

wards also argues that the district court's summary denials were inappropriate in that the court failed to make any findings on the record with which to facilitate appellate review. He contends a remand, therefore, is necessary. Edwards' contentions lack merit.

The standard of review for withdrawal of a guilty plea after sentencing states that a court considering a timely motion may set aside a judgment of conviction and permit a defendant to withdraw a plea to correct manifest injustice. K.S.A. 2009 Supp. 22-3210(d)(2). To be timely, any action under K.S.A. 2009 Supp. 22-3210(d)(2) must be brought within 1 year of the final order of the last appellate court in this state to exercise jurisdiction on a direct appeal, or the termination of such appellate jurisdiction. K.S.A. 2009 Supp. 22-3210(e)(1)(A). The time limitation may be extended by the court "only upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2009 Supp. 22-3210(e)(2).

This court has consistently stated that the denial of a postsentencing motion to withdraw a plea lies within the district court's discretion and an appellate court should not disturb that ruling absent an abuse of discretion. See, e.g., *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009); *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 (2007). The appellant carries the burden of establishing an abuse of discretion. *State v. Harned*, 281 Kan. 1023, 1042, 135 P.3d 1169 (2006).

In arguing that the district court erred in denying his motions, Edwards continues his ongoing quest for a reduction of the aggravated kidnapping convictions. As for Edwards' April 2008 contentions that (1) the State breached the plea agreement by informing the district court that Edwards had entered a plea of guilty on an uncharged crime (aggravated kidnapping) or (2) the plea bargain was based upon the State's promise to recommend an "illegal sentence," these arguments were merely a rehash of his previous attempts to request a sentence comparable to simple kidnapping. See, e.g., *State v. Edwards*, 281 Kan. 1334, 1336-43, 135 P.3d 1251 (2006); *Edwards*, 254 Kan. at 490.

The district court expressed this sentiment by indicating in its denial of Edwards' motion to reconsider the motions to withdraw pleas that this matter involved the "[s]ame motion as before."

Edwards must have recognized this weakness in his arguments because he does not advance on appeal any arguments related to the State's recommendation on aggravated kidnapping or the State's promise to recommend what was an "illegal sentence." An issue that is not briefed by an appellant is deemed waived or abandoned. See *State v. Walker*, 283 Kan. 587, 594, 153 P.3d 1257 (2007).

Despite abandoning on appeal the issues presented to the district court, Edwards argues that a remand is required because the district court failed to make any findings specific to its denial of Edwards' motions to withdraw pleas. He complains that the district court's mere checking of a box on a preprinted form constitutes an inadequate appellate record. It was Edwards' motion to reconsider—in which he complained about the court's lack of findings—which prompted the court to indicate on its denial of the motion to reconsider that the matter involved the "[s]ame motion as before."

It is true that to facilitate a meaningful appellate review, the district court must make sufficient findings of fact and conclusions of law on the record. *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000); Supreme Court Rule 165 (2009 Kan. Ct. R. Annot. 239). This obligation is emphasized in Rule 165, which states in part that "[i]n all contested matters submitted to a judge without a jury . . . , the judge shall state the controlling facts required by K.S.A. 60-252, and the legal principles controlling the decision." While this rule imposes a duty on the district judge, we recently held that a party also has a burden and "must ensure the findings and conclusions by the district judge are sufficient to support appellate argument, by filing of a motion invoking the judge's duty under Rule 165, if necessary." *State v. Seward*, 289 Kan. 715, 721, 217 P.3d 443 (2009); see *Dragon v. Vanguard Industries*, 282 Kan. 349, 356, 144 P.3d 1279 (2006) (litigant must object to inadequate findings of fact and conclusions of law before the trial court to preserve the issue for appeal).

Here, as the State points out, Edwards objected but did not do so in a timely manner. A motion to reconsider is generally treated as a motion to alter or amend under K.S.A. 60-259(f). K.S.A. 60-

259(f) requires that such motions are to be filed no later than 10 days after entry of judgment. See *State v. Marks*, 14 Kan. App. 2d 594, 597, 796 P.2d 174, *rev. denied* 247 Kan. 706 (1990). Edwards's pro se motion was filed well beyond the 10-day period.

Regardless of whether Edwards' motion to reconsider was timely, the district court's notation on the denial of Edwards' motion to reconsider—indicating that this matter involves the "[s]ame motion as before"—implies that there was no merit in Edwards' contentions because courts have previously ruled on those issues. And while Edwards criticizes the district court for not making findings of fact, no such findings are necessary to facilitate appellate review here, especially where Edwards does not advance on appeal the same arguments presented to the district court.

Edwards takes a different approach on appeal. Placing a new "cover" on the worn-out "withdrawal of pleas" issue, Edwards argues solely that he should have been permitted to withdraw his pleas because the State violated the plea agreement "by recommending a life plus 20 plus life sentence," which was allegedly different from the negotiated recommendation. He contends that such violation of the plea agreement has violated his due process rights and "thereby resulted in manifest injustice which should be remedied by allowing the defendant to withdraw his plea."

Edwards' contention fails for several reasons.

First, this argument is presented to this court for the first time on appeal. Generally, issues not raised before the district court cannot be raised for the first time on appeal. See *State v. Warledo*, 286 Kan. 927, 938, 190 P.3d 937 (2008). This includes constitutional grounds for reversal. *State v. Gant*, 288 Kan. 76, 82, 201 P.3d 673 (2009). Nevertheless, this court has recognized three exceptions to the general rule: "(1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court is right for the wrong reason." *State v. Ortega-Cadelan*, 287 Kan. 157, 159, 194 P.3d 1195 (2008); see *Pierce v. Board of County Commissioners*, 200 Kan. 74, 80-81, 434 P.2d 858 (1967). The State concedes that the

first exception "may apply" in that the issue raised by Edwards involves a question of law arising upon proven facts. But Edwards never seeks to justify the applicability of any exception.

Second, if we consider the argument in light of the State's concession, his argument fails because it was untimely. As previously noted, K.S.A. 2009 Supp. 22-3210(e)(1) imposes a 1-year statutory deadline. More specifically, the statute requires that a motion to correct manifest injustice by permitting a defendant to withdraw a plea

"must be brought within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2009 Supp. 22-3210(e)(1).

Edwards filed his motions to withdraw pleas 14 years after his direct appeal. And although the 1-year time limitation may be extended upon an affirmative showing of excusable neglect by the defendant, Edwards has made no such showing. See K.S.A. 2009 Supp. 22-3210(e)(2).

Finally, we reject Edwards argument because there is no merit to his contention that the State violated the plea agreement. A review of the record reveals that the plea agreement set out the penalties for each crime. The plea agreement stated in part that "[u]pon successful plea to counts 1-8[, the] State will recommend sentence of *one life sentence plus 20 years consecutive to each other* and consecutive to any [parole violation] but concurrent with all other counts in this case and concurrent to any other case(s)." (Emphasis added.)

Edwards argues that the State breached its agreement by recommending at the sentencing hearing "a life plus 20 plus life sentence." Our review of the transcript of the sentencing hearing shows otherwise. The following colloquy occurred:

"[Court]: Now, as I read this, State is recommending that on Count[s] 1 and 2 that there would be a concurrent sentence, and that on the other cases they would just recommend that the minimum time would be granted plus one of those sentences, up to twenty to life, would run consecutive with the first two?

"[Prosecutor]: Excuse me. May I help you? What we have talked about would be Counts 1, 2, 3 and 4 maximum sentences concurrent with each other, and consecutive to Counts 5, 6 and 7, maximum concurrent, but consecutive to Count 8 maximum, *which is the life plus twenty consecutive year sentence*. So it's Counts 1, 2, 3 and 4 maximum concurrent, consecutive to 5, 6 and 7 maximum concurrent, consecutive to Count 8." (Emphasis added.)

While there was some discussion about which sentences should run concurrently and which sentences should run consecutively (about which Edwards does not complain), the bottom line is that the State did recommend a "life plus 20 consecutive" sentence. Edwards ultimately received a controlling life sentence as anticipated. See *Edwards*, 254 Kan. at 490 ("Edwards received the sentences for which he had bargained").

The district court did not abuse its discretion in refusing to allow Edwards to withdraw his pleas.

Affirmed.

DAVIS, C.J., not participating.
LARSON, S.J., assigned.