NOT DESIGNATED FOR PUBLICATION

No. 113,036

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of
PHILLIP L. GERMANN, JR.,
Date of Birth xx/xx/1971

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed December 23, 2015. Affirmed.

*Elizabeth L. Oliver*, of Kansas Legal Services of Emporia, for appellant.

*Meghan K. Morgan*, assistant county attorney, and *Marc Goodman*, county attorney, for appellee.

Before POWELL, P.J., PIERRON and LEBEN, JJ.

*Per Curiam*:  More than 27 years ago, when Phillip L. Germann Jr. was 17 years old, he pled guilty to aggravated kidnapping and rape. In February 2014, Germann filed a motion to withdraw his plea. The district court denied his motion, finding it lacked jurisdiction under the Revised Kansas Juvenile Justice Code, K.S.A. 2014 Supp. 38-2304 over Germann. The court also found Germann's motion to withdraw his plea was untimely. Finally, the court found the State would be unduly prejudiced if Germann was allowed to withdraw his plea. Germann appealed but then voluntarily withdrew his appeal.

Germann then filed a pro se motion to correct manifest injustice in which he made essentially the same arguments as in his motion to withdraw his plea. He also briefly suggested his sentence was illegal. The district court denied the motion, finding it was

1

substantially similar to his previous motion. In a supplemental order, the court reiterated that it lacked jurisdiction under the Juvenile Code.

In this appeal, Germann attempts to revive his challenges to the denial of his motion to withdraw his plea and also challenges the denial of his motion to correct manifest injustice. To the extent Germann challenges the denial of his motion to withdraw his plea, those claims are not properly before us as Germann abandoned them when he withdrew his appeal of that order. To the extent Germann challenges the motion to correct manifest injustice, those claims fail too. Because Germann's motion to correct manifest injustice was an improper successive motion, the district court did not err when it denied that motion. We affirm the district court.

The State charged Germann with aggravated kidnapping and rape on March 4, 1988. He was 17 years old. He had entered a middle school, found a victim, and took her to the school auditorium where he raped her. On June 3, 1988, Germann pled guilty to both counts. The district court found there was a factual basis for both counts and determined Germann was a juvenile offender. The court ordered Germann to be committed to the state youth center.

On November 29, 1989, Germann filed a motion for modification of disposition requesting that he be returned to the custody of his parents. Germann had a different attorney for this motion than the attorney who represented him at his plea. The district court held a hearing. A transcript of that hearing could not be prepared for the record on appeal because the court reporter who took record of the hearing had recently passed away and despite the efforts of at least three other court reporters, they were unable to prepare a transcript. The court denied his motion.

Germann was released from custody on November 23, 1992.

On June 13, 2013—25 years after he had pled guilty—Germann filed a pro se motion to correct an illegal sentence. Germann argued the district court had not told him about the dispositional alternatives in his plea and the State had misled him into pleading. He also challenged his confession. It does not appear that this motion was ever ruled on.

On February 20, 2014, Germann's attorney filed a motion to withdraw his plea. Germann claimed he had not entered into the plea knowingly and voluntarily, he had not been advised of the dispositional alternatives available to the court, and the plea had been induced by an illegally obtained confession. Germann argued his motion was timely—26 years after the plea was entered into—because the legislature had not placed a time limitation on a motion to withdraw a plea in the juvenile code. He also argued manifest injustice would occur if he was not allowed to withdraw his plea.

On February 24, 2014, the State filed a motion to dismiss Germann's motion to withdraw his plea. The State argued the district court no longer had jurisdiction under the Juvenile Code; the doctrine of laches barred Germann's claim due to his unreasonable delay in pursuing the withdrawal of his plea—especially considering that he had filed a motion for modification of the dispositional order in 1989; and the State would suffer unreasonable prejudice if forced to try the case 26 years after the fact. The State also acknowledged that the journal entry did not indicate the length of Germann's disposition.

On February 26, 2014, the district court heard arguments on Germann's motion. The court denied Germann's motion from the bench and then memorialized its ruling in a journal entry. The court determined that under K.S.A. 2014 Supp. 38-2304(d) and (e), it did not have jurisdiction over Germann due to his age, and even if it did have jurisdiction over Germann, his motion was filed untimely, and the State would be "unduly prejudiced by allowing the plea to be withdrawn." Germann filed a timely appeal.

3

On April 29, 2014, Germann filed his docketing statement in case No. 111,607, *In re Germann Jr*. In May 2014, Germann filed a motion to voluntarily dismiss. Germann expressed his wish to "waive his appeal right." He also acknowledged that "by withdrawing this appeal that he may lose the ability to appeal this case." This court granted his motion, and a mandate was issued on May 29, 2014.

On June 24, 2014, Germann filed a pro se motion entitled "Motion to Correct Manifest Injustice." In a somewhat rambling motion, Germann again mentioned he had been coerced into taking the plea and had not entered the plea agreement with a full understanding of the consequences. He claims the district court did not inform him of the dispositional alternatives; the journal entry did not say how long he would be at the state youth center; he wanted the two person felonies from this adjudication off of his record; and this problem was the fault of the district attorney and the court. These arguments were substantially similar to the arguments he had raised in June 2013 and February 2014. Germann also stated that "the journal entry doesnt [*sic*] say how long and thats [*sic*] because the courts didnt [*sic*] say and thus . . . an illegal sentence."

On November 17, 2014, the district court denied Germann's motion. The court noted Germann had previously voluntarily withdrawn the appeal of the denial of his motion to withdraw his plea. Because Germann's motion to correct manifest injustice was "substantially similar" to his previous motions, the court denied his motion and adopted its previous ruling. On November 26, 2014, Germann filed a response to the November decision. Germann suggested the previous motion "play[ed] no part in this case." He explained that he withdrew his previous appeal "based on . . . current cases in the Ks Supreme Court"—*State v. Murdock,* 299 Kan. 312, 323 P.3d 846 (2014), *modified* by *Supreme Court order* September 19, 2014; *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015); and K.S.A. 2014 Supp. 21-6810(6).

On December 9, 2014, the district court filed a supplemental memorandum decision. The court made findings of facts and determined that under K.S.A. 2014 Supp. 38-2304, it lacked jurisdiction over the case. The court also determined that "the current motion sets forth no new arguments or legal theories. [Germann] withdrew his appeal of the court's first ruling and therefore is barred from any additional claims in this case."

On December 15, 2014, Germann filed a notice of appeal that expressed his intent to appeal the orders from February 26, 2014, and December 8, 2014.

On appeal, Germann argues he timely filed the motion to withdraw his plea and the motion to correct manifest injustice; the court erred in determining it lacked jurisdiction under the Juvenile Code, and the district court erred in denying his motion.

*Jurisdiction to Review the Order from February 26, 2014*

As a preliminary matter, in his notice of appeal Germann expressed his desire to appeal the district court's order from February 26, 2014.

Whether jurisdiction exists is a questions of law over which we have unlimited review. *State v. Charles*, 298 Kan. 993, 1002, 318 P.3d 997 (2014). The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013). The appellate court has jurisdiction to entertain an appeal only if it is taken within 14 days after the entry of the order. K.S.A. 2014 Supp. 22-3603; see also *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008).

5

"Where a defendant in a criminal case asserts a claim of error in [his or her] direct appeal and withdraws that appeal from the court's consideration, the claim of error is deemed abandoned and cannot be reasserted as the basis for a second appeal." *State v. Linton-Millington*, No. 98,864, 2008 WL 4291624, at * 2 (Kan. App. 2008) (citing *State v. Edwards*, 260 Kan. 95, 98, 917 P.2d 1322 [1996]).

We lack jurisdiction to consider the issues raised in case No. 111,607. Although Germann originally appealed the February 26, 2014, order, through an attorney, he filed a motion requesting to voluntarily withdraw his appeal on May 27, 2014. He acknowledged he might lose the right to appeal that order.

Even if Germann had not abandoned those issues, he does not have a timely notice of appeal as to the February order. Because Germann's current notice of appeal was not filed within 14 days of the entry of the district court's February 26, 2014, order, any challenge to that order are not properly before this court. See K.S.A. 2014 Supp. 22-3603; see also *Gill*, 287 Kan. at 294. Germann had a proper platform to challenge the February order but abandoned those claims when he voluntarily withdrew that appeal.

Germann encourages us to relitigate his challenges to the February 26, 2014, order. However, we decline to do so. Only the December 8, 2014, order is properly before us. In that order, the district court denied Germann's motion finding it substantially similar to his previous motion and further determining it lacked jurisdiction over the case under K.S.A. 2014 Supp. 38-2304.

The district court construed Germann's motion to correct manifest injustice as a successive motion to withdraw his plea. To correct manifest injustice after sentence has been imposed, a court may set aside the judgment of conviction and permit the defendant to withdraw his or her plea. K.S.A. 2014 Supp. 22-3210(d). Appellate courts have repeatedly said that the denial of a post-sentencing motion to withdraw a plea lies within

6

the trial court's discretion, and an appellate court should not disturb that ruling absent an abuse of discretion. *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 (2007). The appellant carries the burden of establishing an abuse of discretion. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). Unless a district court bases its decision on a factual or legal error, an appellate court will reverse only if no reasonable person would have agreed with its decision. *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). However, our standard of review when a district court summarily denies a postsentencing motion to withdraw a plea is unlimited. *Bellamy v. State*, 285 Kan. 346, 172 P.3d 10 (2007); *Woodward v. State*, No. 102,867, 2010 WL 3660262 (Kan. App. 2010) (unpublished opinion) (citing *State v. Jackson*, 255 Kan. 455, 459, 874 P.2d 1138 [1994]).

In its denial of Germann's motion to correct manifest injustice, the district court correctly noted that his motion to correct manifest injustice was substantially similar to his motion to withdraw his plea. Due to the sameness of these two motions, the second motion—which Germann filed after voluntarily dismissing his appeal challenging the denial of his motion to withdraw his plea—is successive in nature.

Defendants are not entitled to a second chance to relitigate their abandoned issues. See *White v. State*, No. 100,928, 2009 WL 1766551 (Kan. App.) (unpublished opinion), *rev. denied* __ Kan. __ (2009) (affirming the district court's summary denial of a prisoner's K.S.A. 60-1507 motion because it was a successive motion and an abuse of remedy because it sought the same relief the prisoner previous sought in his motion to withdraw his guilty pleas). This court has consistently upheld the district court when it refuses to give a defendant a proverbial second bite at the apple. See *State v. Meyer*, No. 105,226, 2014 WL 6490194 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. __ (2015) (defendant not entitled to "second bite at the apple" when he had an opportunity to raise his argument before); *State v. Coleman*, No. 107,117, 2013 WL 1859194 (Kan. App. 2013) (unpublished opinion), *rev. denied* 298 Kan. 1205 (2013) (not

entitled to "second bite at the apple" when alleged new evidence in support of motion for new trial isn't actually new); *State v. Arnold*, No. 102,693, 2010 WL 3732025 (Kan. App. 2010) (unpublished opinion) *rev. denied* 291 Kan. 913 (2010) (no error when trial court refused to allow a defendant a second bite at his 60-1507 apple via a motion to withdraw a plea).

Here, Germann's motion to correct manifest injustice raised substantially similar issues as his previous motion to withdraw his plea. Germann had a proper opportunity to challenge his perceived inadequacies in the district court's denial of his motion to withdraw his plea. He chose to withdraw that opportunity and does not get a second chance. The district court recognized this when it held that Germann's motion to correct manifest injustice did not set forth any new arguments or legal theories and the withdrawal of his appeal of the motion to withdraw his plea barred him from any future claims. The district court decision to deny Germann's motion was reasonable.

However, Germann's motion also mentioned that his sentence was illegal because the journal entry did not reflect the length of his disposition and said an illegal sentence could be corrected at any time. The district court did not address this aspect of Germann's motion to correct manifest injustice. Neither party mentions this on appeal. We must decide whether we should consider the merits of this claim sua sponte. "Ordinarily, an appellate court does not consider an issue *sua sponte*, and appellate courts have often declared that an unbriefed issue is deemed waived or abandoned. See *State v. Martin*, 285 Kan. 994, Syl. ¶ 2, 179 P.3d 457, *cert. denied* 555 U.S. 880 (2008) (party that does not brief an issue is deemed to have waived or abandoned that issue); *but cf. Rhoten v. Dickson*, 290 Kan. 92, 117, 223 P.3d 786 (2010) (appellate court has power to address issue parties failed to raise in exceptional circumstances)." *Wimbley v. State*, 292 Kan. 796, 806, 275 P.3d 35 (2011).

"Kansas courts have 'specific statutory jurisdiction to correct an illegal sentence at any time.' *State v. Scherzer*, 254 Kan. 926, 930, 869 P.2d 729 (1994) (citing K.S.A. 22–3504)." *State v. Kelly*, 298 Kan. 965, 975, 318 P.3d 987 (2014). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). But "a motion to correct an illegal sentence cannot be used to set aside a conviction." *State v. Ford*, 302 Kan. __, 353 P.3d 1143 (2015).

An illegal sentence, as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *Taylor*, 299 Kan. at 8. "The failure of the judge to impose a specific term when sentencing the defendant to the secretary of corrections for confinement is an 'illegal sentence' within the meaning of K.S.A. 22–3504(1)." *State v. Osbey*, 238 Kan. 280, 288, 710 P.2d 676 (1985).

Under K.S.A. 38-1604(c), jurisdiction under the juvenile code continues until the juvenile is 23 years of age or "has been discharged under the provisions of K.S.A. 38-1675." K.S.A. 38-1655 (Ensley 1986) allowed a court after finding that the respondent committed the offense charged to "adjudicate the respondent to be a juvenile offender and may enter orders of disposition authorized by this code." K.S.A. 1987 Supp. 38-1663 provided the dispositional alternatives for a juvenile. Under K.S.A. 1987 Supp. 39-1663(a)(6), a district court could:

> "Commit the juvenile offender, if 13 years of age or older, to a state youth center if the juvenile offender:
> (A) Has had a previous adjudication as a juvenile offender under this code or as a delinquent or miscreant under the Kansas juvenile code; or

9

(B) had been adjudicated a juvenile offender as a result of having committed an act which, if done by a person 18 years of age or over, would constitute a class A, B or C felony as defined by the Kansas criminal code."

But "a motion to correct an illegal sentence cannot be used to set aside a conviction." *State v. Ford*, 302 Kan. at__.

However, our Supreme Court has held that juvenile proceedings are distinct from criminal proceedings and juvenile offenders receive a juvenile disposition, not a sentence. See *State v. Rinck*, 256 Kan. 848, 858, 888 P.2d 845 (1995) ("Juvenile offenders are not sentenced, as such, but instead receive a juvenile disposition. See K.S.A. 38-1603."); see also *Zimmerman v. State*, No. 90,969, 2004 WL 1041356, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 278 Kan. 853 (2004).

In his motion, Germann claims that neither the district court nor the journal entry say how long he would have to remain at the State Youth Center at Topeka. The State conceded this in its motion to dismiss Germann's motion to withdraw his plea. But we do not need to address the merits of this issue.

Generally, we will not consider moot issues or issue advisory opinions. *State v. Kurtz*, 51 Kan. App. 2d 50, 52, 340 P.3d 509 (2014), *petition for rev. filed* March 26, 2015 (citing *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 [2012]); see also *State v. Aring*, No. 111, 819, 2015 WL 5036747, at *5 (Kan. App. 2015) (unpublished opinion). "An issue is moot when any judgment by this court would not affect the outcome of the controversy between the parties." *Kurtz*, 51 Kan. App. 2d at 52 (citing *Manly v. City of Shawnee*, 287 Kan. 63, Syl. ¶ 4, 194 P .3d 1 [2008]). Nevertheless, we will not dismiss an issue as moot "without clear and convincing evidence that the actual controversy has ended and a judgment by this court would not affect the parties' rights." Kurtz, 51 Kan. App. 2d at 52 (citing *Montgomery*, 295 Kan. at 840-41). "Because mootness is a doctrine of court policy, which was developed through court precedent,

10

appellate review of the issue is unlimited." *Kurtz*, 51 Kan. App. 2d at 52 (citing *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 [2012]).

Here, Germann was discharged 1 month prior to his 21st birthday in 1992. Therefore, any judgment by us on the illegality of Germann's sentence would have no effect because Germann has already completed his disposition. See *Aring*, 2015 WL 5036747, at *5; *State v. Denney*, No. 90,457, 2004 WL 1373160 (Kan. App. 2004) (unpublished opinion) (defendant's motion to correct an illegal sentence moot based on satisfaction of his sentence). Therefore, even though the district court did not address this issue when it denied Germann's motion to correct manifest injustice, the error was harmless. See *State v. Ward*, 292 Kan. 541, 552-65, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012) (An error is harmless when it will not affect the outcome.).

We have unlimited review of jurisdictional questions. *State v. Charles*, 298 Kan. 993, 1002.

K.S.A. 2014 Supp. 38-2304 governs jurisdiction under the Revised Juvenile Code. K.S.A. 2014 Supp. 38-2304(d) provides:

> "(d) Once jurisdiction is acquired by the district court over an alleged juvenile offender, except as otherwise provided in subsection (e), *jurisdiction shall continue until one of the following occurs*:
>     (1) The complaint is dismissed;
>     (2) the juvenile is adjudicated not guilty at trial;
>     (3) the juvenile, after being adjudicated guilty and sentenced:
>     (i) Successfully completes the term of probation or order of assignment to community corrections;
>     (ii) is discharged by the commissioner pursuant to K.S.A. 2014 Supp. 38-2376, and amendments thereto;
>     (iii) *reaches the juvenile's 21st birthday and no exceptions apply that extend jurisdiction beyond age 21*;

11

(4) the court terminates jurisdiction; or

(5) the offender is convicted of a new felony while the offender is incarcerated in a juvenile correctional facility pursuant to K.S.A. 38-1671, prior to its repeal, or K.S.A. 38-2373, and amendments thereto, for an offense, which if committed by an adult would constitute the commission of a felony." (Emphasis added.)

The exceptions provided in K.S.A. 2014 Supp. 38-2304(e) allow jurisdiction beyond age 21 in the following limited circumstances:

"(e) Once jurisdiction is acquired by the district court over an alleged juvenile offender, it shall continue beyond the juvenile offender's 21st birthday *but no later than the juvenile offender's 23rd birthday* if either or both of the following conditions apply:

(1) The juvenile offender is sentenced pursuant to K.S.A. 2014 Supp. 38-2369, and amendments thereto, and the term of the sentence including successful completion of aftercare extends beyond the juvenile offender's 21st birthday; or

(2) the juvenile offender is sentenced pursuant to an extended jurisdiction juvenile prosecution and continues to successfully serve the sentence imposed pursuant to the revised Kansas juvenile justice code." (Emphasis added.)

The legislature clearly intended jurisdiction to continue under the Juvenile Code no later than the juvenile offender's 23rd birthday. Here, Germann was in his early 40s—well past his 23rd birthday—when he filed the motions he now challenges. Therefore, the district court correctly determined it lacked jurisdiction to rule on Germann's motion. See *In re Elnicki*, No. 107,107, 2013 WL 1444366 (Kan. App. 2013) (unpublished opinion).

Germann also challenges the district court's determination in its February 26, 2014, order that the State would suffer prejudice if it allowed him to withdraw his plea. This order is not properly before us, and we decline to address it.

Affirmed.

12